LEONEL O. CLARK, Respondent, *v.* FOREIGN PRODUCTS COMPANY, INC., Appellant.

First Department, December 3, 1920.

Trial — action to recover commissions agreed to be paid — right to recover on quantum meruit — compromise verdict — defendant prejudiced by compromise verdict though for less than plaintiff's demand.

In an action to recover commissions, which the plaintiff alleged the defendant agreed and promised to pay, a recovery cannot be had on *quantum meruit* and all evidence tending to show the reasonable value of the plaintiff's services was properly excluded.

Where the amount due the plaintiff is fixed and certain and there is no theory on which, if he recovers at all, he can be granted less than the full amount, a compromise verdict is not justified by the evidence and represents a disagreement of the jury as to liability and should be set aside.

The defendant was prejudiced by the verdict though it was less than the plaintiff's claim, for the plaintiff was entitled to the full amount or nothing and the defendant was entitled to have that issue determined.

APPEAL by the defendant, Foreign Products Company, Inc., from a judgment of the Supreme Court in favor of the plain-

tiff, entered in the office of the clerk of the county of New York on the 23d day of December, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of January, 1920, denying the defendant's motion for a new trial made upon the minutes.

*Robert Seelav,* for the appellant.

*George P. Breckenridge,* for the respondent.

Page, J.:

The action was brought to recover commissions which plaintiff alleged the defendant had promised and agreed to pay, for obtaining two export licenses from the War Trade Board; a license to export certain goods to Mexico, upon which a commission of $112.50 was claimed, and a license to export goods to Russia on which a commission of $4,000 was claimed.

There was sufficient evidence to justify the jury in finding for the plaintiff for the full amount claimed, if they accepted the evidence adduced by the plaintiff. On the other hand, if they accepted the evidence of the defendant they could have found, either, that the defendant had not agreed to pay any commission, or that by reason of the plaintiff's false representations made to the War Trade Board at the time of obtaining the Russian license, the defendant could not use the same and that, therefore, it was of no value to it; in which case a verdict for the defendant would have been proper. The court throughout the trial properly excluded all evidence of the reasonable value of the plaintiff's services, and instructed the jury that the action was to recover an agreed amount as commissions and not on a *quantum meruit.*

Upon the evidence and the charge of the justice, the jury could properly return a verdict for the plaintiff in the sum of $4,112.50 with interest, or a verdict for the defendant. The jury brought in a verdict for $1,912.50, " with interest on $112.50 from the date of maturity and interest on $1,800." Thus it clearly appears that the verdict was for the full amount claimed as commission upon the Mexican license and a compromised amount for commission on the Russian license.

A motion was made to set aside the verdict on the ground that it was contrary to the charge of the court and contrary

to the law and the evidence and that the jury could only find for the plaintiff for the full amount or for the defendant. The motion was denied and an exception taken.

Clearly so far as the verdict dealt with the commission for obtaining the Russian license, it was a compromise verdict. While it is true as the respondent's counsel contends that the courts have repeatedly held that verdicts will not be set aside merely because the amount has been arrived at by a compromise, the cases upon which he relies were for unliquidated damages or where several items entered into the ascertainment of damages.

The compromise in such cases is of divergent views of the jurymen as to the amount alone. But where the amount due is fixed and certain and there is no theory upon which the plaintiff, if he recovers at all, can be granted less than the full amount, the compromise represents not a divergence as to the amount, but differing views as to the liability of the defendant, some holding that there is no liability and others that there is full liability. A compromise in such case is an unwarranted finding in favor of one party, where some of the jurors favor a verdict for the adversary. In such case the verdict is not justified by the evidence and represents a disagreement of the jury as to liability and should be set aside. (*Myers* v. *Myers*, 86 App. Div. 73; *Zeilian* v. *Beggs & Co.*, 153 id. 687.)

The respondent contends that the defendant is not prejudiced because the jury's verdict was less than it should have been. This does not take into consideration that the issue was clearly defined. The plaintiff was entitled to $4,000 or nothing, and the defendant is entitled to have this issue determined.

The judgment and order will, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.