ISRAEL COHEN and Another, Copartners, Trading under the Firm Name and Style of I. COHEN & SON, Respondents, Appellants, v. INTERNATIONAL BROKERAGE & CLEARING CO., INC., Appellant, Respondent.

First Department, January 9, 1925.

**Trial — verdict — compromise verdict — action to recover damages for conversion of furs pledged with defendant — defendant sold furs on default of plaintiffs — plaintiffs allege loan was usurious — verdict for difference between value of furs and amount of loan and including amount paid by plaintiffs in excess of six per cent is compromise and must be set aside — both parties having appealed, verdict will not be allowed to stand though plaintiffs decided to withdraw objections.**

In an action of conversion to recover the value of furs pledged by the plaintiffs with the defendant to secure a loan, which were sold by the defendant on the default of the plaintiffs, which action is based on alleged usury in the loan, the verdict of the jury awarding to the plaintiff the difference between the value of the furs at the time of the conversion less the amount of the loan and including the amount paid by the plaintiffs to the defendant in excess of six per cent, is a compromise verdict and will be set aside, since it is based both on a finding that usury was practiced and the finding that it was not.

Both parties having appealed from the judgment, the plaintiffs on the ground that the verdict was inadequate because they should have recovered the full value of the furs, the Appellate Division will not allow the verdict to stand though the plaintiffs are willing to withdraw all objections thereto, since the defendant has the right to have a finding from the jury as to whether or not there was usury in the loan.

APPEAL by the defendant, International Brokerage & Clearing Co., Inc., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 24th day of October, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of November, 1923, denying the defendant's motion for a new trial made upon the minutes.

Appeal by the plaintiffs, Israel Cohen and another, from said judgment, and also from an order entered in said clerk's office on the 9th day of November, 1923, denying the plaintiffs' motion for a new trial made on the ground of the inadequacy of the verdict.

*Rudolph Marks*, for the plaintiffs.

*Hays & Wadhams* [*John Schulman* of counsel; *Sydney M. Kaye* with him on the brief], for the defendant.

FINCH, J.:

This action is brought to recover the value of certain furs which were pledged by the plaintiffs with the defendant to secure a loan

made by the latter to the plaintiffs. The loan not having been repaid on its maturity, the defendant sold the furs as authorized to do by the agreement between the parties. The plaintiffs alleged, however, that the agreement was usurious and void, inasmuch as interest in excess of fifteen per cent per annum was exacted for the loan, and hence that the act of the defendant in selling the furs as aforesaid constituted a conversion thereof, and plaintiffs demanded judgment for the value of the furs at such time of conversion, which was alleged to be $21,099.

In defense of the action the defendant pleaded an agreement with the plaintiffs whereby defendant undertook to "pledge its credit for plaintiffs and to perform other services," and testified that in the negotiations between the parties the plaintiffs were told that there would be additional charges as brokerage for procuring the loan and for services in connection with insurance, care of the furs, etc., all of which the plaintiffs denied.

There was thus a direct conflict of evidence, *first*, as to what actually took place between the parties in negotiating the loan, and *second*, if the facts were as alleged by the defendant, whether such facts were merely used as a cloak for securing unlawfully additional interest. These issues were squarely presented to the jury, the court charging as follows: "The question here is, whether or not there was a violation of the law, whether there was in good faith a loan here at six per cent and a brokerage charge of one-half of one per cent in the first place on the $20,000, and in the second case on the $9,000, or whether on the other hand, as claimed by the plaintiffs, and which they must prove by the greater ·weight of believable evidence, that that was only a subterfuge, that this was only a device to enable them to charge these plaintiffs in a time of stress twelve and fifteen per cent for the money instead of ·six per cent, as the law requires. If you find that the plaintiffs have sustained the burden of proof as the law requires, that they made out their cause of action by the greater weight of believable evidence, then it is your sworn duty to bring in your verdict for them, and, in that case, the verdict will be for the amount of the value of these securities which were put up, and which they claim was the sum of $21,099. If you believe on the other hand they have not sustained that burden, that there was no violation of the law, that in good faith the defendant charged only six per cent, that there was actual service rendered, there were actual things done, there was actual money borrowed and intended to be borrowed and turned over to these people instead of loaning their own money, the money of the defendant corporation, then your verdict should be for the defendant."

After the jury had been deliberating over two hours, they sent a communication to the court that they were unable to agree, and asked if they might agree on a compromise verdict. The court replied: " There cannot be a compromise verdict. You must find for the plaintiff in any sum up to $21,099, which is held to be the value of the furs put up as collateral, or for the defendant in any sum up to $1,855.41, if you believe the defendant to have been damaged." Neither counsel objected to this additional charge of the court. The jury returned a verdict for the plaintiffs in the sum of $4,159.40. Both counsel moved to set the verdict aside; the plaintiff upon the ground that it was inadequate and also that it was a compromise verdict, the defendant upon all the grounds set forth in the Civil Practice Act. (See Civ. Prac. Act, § 549.)

Counsel for the plaintiffs now claims in his brief that he made an error in asking that the verdict be set aside as a compromise, and on the argument requested that the judgment be allowed to stand in the event this court could not direct judgment for the plaintiffs for the full amount of the claim, namely, $21,099.

The verdict apparently (and the plaintiffs' counsel frankly so states in his brief) could only have been reached on the following basis: By awarding to the plaintiffs said $21,099, the value of the furs alleged, less forty per cent thereof because the testimony showed there had been a corresponding decrease in the market price, less the $9,000 loaned to the plaintiffs, and by further adding to the amount awarded plaintiffs all amounts paid by plaintiffs to defendant in excess of six per cent by way of brokerage, etc. (in which they included by error an item of $200 shown on the exhibits but involved in a separate transaction).

The allowance to the defendant of the amount of the loan is incompatible with a finding of usury, since if usury exists the amount loaned is forfeited, whereas the inclusion in the amount awarded to the plaintiffs of all sums paid for alleged brokerage, etc., can only be predicated upon a finding that there was usury.

The verdict is thus clearly contradictory, and the amount arrived at a compromise, and cannot stand. As was said by this court in *Zeilian* v. *Beggs & Co.* (153 App. Div. 687, 691) by McLAUGHLIN, J.: " The court charged, and the jury was bound to follow the instruction, that if plaintiff's account of the modification were true, he was entitled to recover $5,000 with interest; but, if the defendant's account were true, then plaintiff was not entitled to anything, and the defendant in that case was entitled to recover the amount proved as damages  *  *  *. The proof showed that the defendant had actually expended about $700 in carrying out the contract on its part. The jury awarded plaintiff $5,000 less the $700 expenses

First Department, January, 1925. [Vol. 211

thus incurred. Such finding is inconsistent with the rule of law as laid down by the court. * * * It is impossible from the verdict rendered to determine whether the jury found the ice company or the defendant broke the contract. That was the issue submitted to it, and the defendant had a right to have that issue passed upon."

In *Clark* v. *Foreign Products Co., Inc.* (194 App. Div. 284, 286) it was said: "While it is true as the respondent's counsel contends that the courts have repeatedly held that verdicts will not be set aside merely because the amount has been arrived at by a compromise, the cases upon which he relies were for unliquidated damages or where several items entered into the ascertainment of damages.

" The compromise in such cases is of divergent views of the jurymen as to the amount alone. But where the amount due is fixed and certain and there is no theory upon which the plaintiff, if he recovers at all, can be granted less than the full amount, the compromise represents not a divergence as to the amount, but differing views as to the liability of the defendant, some holding that there is no liability and others that there is full liability. A compromise in such case is an unwarranted finding in favor of one party, where some of the jurors favor a verdict for the adversary. In such case the verdict is not justified by the evidence and represents a disagreement of the jury as to liability and should be set aside."

While in the case at bar the amount of the claim, strictly speaking, was unliquidated, in that the value of the furs had to be determined, nevertheless, the facts as shown above, coupled with the concession of the plaintiff on this appeal as to how the amount of the verdict was made up, demonstrate that it was not the amount of the claim upon which there was a difference of opinion among the jurors, but rather a failure to determine the issue presented, namely, whether there was or was not usury. The case is thus brought within the principle set forth in the cases cited above.

The plaintiff urges that the verdict may be sustained because they are willing to waive the difference between what they would recover if there was usury and what they have recovered. The difficulty with this position is that the defendant is entitled to have a finding from the jury as to whether or not there was usury. If the case were one where the jury had valued the furs belonging to the plaintiffs at a sum below what the plaintiffs thought the furs were worth, it would then be possible for the plaintiffs to waive the difference and no question of compromise would then arise, because the jury could regard the opinions of one another and arrive

at a common judgment as to the value. In the case at bar, however, the jury did not make any attempt to agree on a matter within their province but compromised on the very issue presented, by reaching a verdict involving the finding that there was usury on one hand and no usury on the other in the same verdict. This is really a compromise and one which upon any theory of the action cannot be allowed to stand and which no waiver upon the part of one party can cure.

In *Bennett* v. *Ginsburg* (141 App. Div. 66) it was held that where in an action on a promissory note for $6,000, the maker, who received only $5,500 for the note, defends on the ground of usury, it is error to charge that the jury may find a verdict for $5,500 owing to the fact that the plaintiff has waived his claim for the balance of the note. The court said: "A lender, not intending to make a usurious contract, may be paid for his trouble, time and expense in collecting the money for the loan (*Thurston* v. *Cornell*, 38 N. Y. 281), or for the expense of procuring the money. (*Morton* v. *Thurber*, 85 id. 550.) Was the $500 to be paid solely for services? Was no part of it intended for interest, usurious or otherwise? This court would consider whether the verdict was against the weight of the evidence if it did not appear that the jury had not passed upon the matter. The jury deliberated without agreement, and made inquiry whether it could bring in a verdict for the face of the check, and thereupon the plaintiff waived the alleged usurious sum. Then the jury was recalled and charged: ' In answer to your inquiry: Can the jury bring in a verdict for the face value of the check, $5,500? I state that the plaintiff has waived the difference between $5,500 and $6,000, and, therefore you can.' To this defendants excepted. The verdict was for $5,500. It was the duty of the jury to decide whether the defendants owed $6,000 principal or nothing. There was an evident division, and a compromise considered, and inquiry made whether the court would permit the deduction. The court sanctioned it, and by sanctioning may have seemed to the jury to countenance a compromise. It is not a question of the right of the plaintiff to reduce his claim, but of permitting the jury to leave the question of usury undetermined, and to do a conceived equity. It was as if the plaintiff had said, ' If you will find for $5,500 I will remit this item over which the controversy exists,' and the court allowed such statement to be considered. Such a verdict on its face shows that the issue of usury was not decided. It is no answer to assert, nor is it a known fact, that the defendants were thereby saved the payment of $500. If the jury had been held to the stern duty of finding the fact whether the debt was usurious no verdict against

the defendants might have resulted. It found that the defendants did not owe the $500, and if they did not owe that they did not owe the $5,500. * * * ''

The plaintiffs in effect are asking this court to sanction what the jury was erroneously permitted to do in the case last cited, and what apparently they have done in the case at bar.

It follows that the judgment should be reversed and a new trial ordered, with costs to the defendant, appellant, to abide the event.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the defendant, appellant, to abide the event.