FRANK VAN DER HARST, Respondent, v. MAX KOENIG, Appellant.

First Department, December 11, 1936.

*Isaac N. Jacobson* of counsel [*Lester R. Bachner* with him on the brief; *Koenig, Bachner & Koenig,* attorneys], for the appellant.

*Aaron J. Funk,* for the respondent.

COHN, J. Plaintiff, a diamond cutter, claimed damages in the sum of $6,790 for the breach of an alleged oral contract of employment for a period of one year, entered into with defendant. He alleged that the hiring was effected in South Africa in October, 1929. Defendant denied the existence of the agreement. There were numerous inconsistencies in the testimony of plaintiff's witnesses upon the question of the time when, the place where, and the circumstances under which the alleged oral agreement was made. After lengthy deliberation, the jury rendered a verdict of $2,000 for the plaintiff. From the judgment entered upon this verdict defendant has appealed, although plaintiff has not. The

only evidence submitted upon the question of damages was by plaintiff who testified that the agreed compensation for the year was £1,800 sterling; that he had earned £400 during the same period and that there was due him £1,400 which, calculated at $4.85, amounted to $6,790, the sum claimed. In all the testimony there was not a scintilla of evidence to show that plaintiff did earn or might, with reasonable diligence, have earned more than £400 during the alleged period for which he was hired, or that, if he prevailed in this action, he was entitled to receive any less than $6,790 as his damage. Plaintiff's testimony as to this branch of the case bore no trace of improbability, was entirely unaffected by cross-examination, and it was not contradicted by any circumstances in the case or by statements of any other witness. The jury's verdict for plaintiff in the sum of $2,000, less than one-third of the amount which plaintiff had proved was due him, was, therefore, plainly a compromise verdict which found no basis in the evidence. The jury may not guess at the sum due the plaintiff; it must be founded only upon the evidence. The amount of the verdict indicates, as defendant contends, that some jurors undoubtedly believed that plaintiff should prevail and that others favored a verdict for defendant; that for the sake of unanimity, the rights of defendant were disregarded in return for a concession that there be a verdict for plaintiff in an amount much less than his proof, if believed, showed he was entitled to recover. The verdict here was a compromise of liability, or a compromise of the amount awarded plaintiff, which no hypothesis of the evidence could support. Such a verdict must be set aside. (*McDonald* v. *Walter*, 40 N. Y. 551; *Cohen* v. *International Brokerage & Clearing Co., Inc.*, 211 App. Div. 311; *Clark* v. *Foreign Products Co., Inc.*, 194 id. 284; *Breymann* v. *Morris & Cummings Dredging Co.*, 202 id. 464; *Messmer* v. *Boettger Silk Finishing Co.*, 160 id. 519.) In the case of *Wiegand* v. *Fee Brothers Co.* (73 App. Div. 139) the court (at p. 142) in a somewhat similar situation made the following pertinent observation: " It is clear from the verdict itself and the proceedings attending its rendition that the compromise spoken of did not relate merely to the question of damages; was not such an adjustment of the conflicting views of the different members of the jury upon that subject as might legally be permitted. It, upon the contrary, appears to us very clearly that the rights of the defendant were bargained away upon the main issue whether it was negligent or not, in consideration of an understanding that it should not be beaten in too large an amount."

We are also of the opinion that the trial court erred in refusing to grant the final request to charge made by defendant at the

time the jurors had returned to the court room for additional instructions. The request was as follows: " I ask your Honor to instruct the jury that if any juror or jurors agree to a verdict for the plaintiff merely to escape a disagreement, that that is a compromise of liability and is not permitted." Immediately after the court's refusal to charge as requested, to which appropriate exception had been taken, the foreman of the jury said: " Your Honor, that is one of the points. It seems to be that we can compromise and we can't, and I am a little at a loss here." Instead of then and there advising the jury that even to escape a disagreement a compromise of liability was not permitted, the court merely told the jurors to see if they could agree upon a verdict under the instructions theretofore given. Although the subject of the request complained of had been covered in part by previous instructions, the comment of the foreman made it quite evident that the jurors were confused and still in the dark as to whether they could render a compromise verdict. In the circumstances, we think that the court should have charged the request of defendant.

It is, of course, both proper and commendable that the court should encourage jurors to harmonize and reconcile their view of the evidence so as to arrive at an agreement wherever it is reasonably possible to do so. The verdict which the jury rendered here, however, indicates quite plainly that the jurors concluded they had the right to compromise liability, or to compromise upon the amount of the damages whether or not the evidence warranted it, so long as they reached a verdict.

For these reasons we believe that the judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

MARTIN, P. J., McAVOY, UNTERMYER and DORE, JJ., concur.

Judgment and order unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.