ELIZABETH O'CONNOR, Respondent, *v.* OLIVE PAPERTSIAN et al., Appellants.

HAGOP PAPERTSIAN et al., Plaintiffs, *v.* ANTHONY DE VITO, Defendant.

First Department, May 25, 1954.

*Bernard Meyerson* of counsel (*Richards W. Hannah,* attorney), for Olive Papertsian, appellant.

*David J. Decker* of counsel (*Matthew E. Lawless,* attorney). for Anthony De Vito, appellant.

*Maurice J. McCarthy, Jr.,* for respondent.

PECK, P. J. Plaintiff-respondent was injured in a collision of the defendants' automobiles, in one of which she was a passenger. The principal claim of damages was for a rash which plaintiff claims resulted from treatment of the injuries sustained. The principal issue at the trial was whether there was a connection between the accident and the rash. The jury returned a verdict in plaintiff's favor of $1,000, clearly indicating its finding that the rash was not attributable to the accident. Plaintiff moved to set the verdict aside for inadequacy, contending that the verdict was inadequate even for the admitted injuries without consideration of the rash. The trial court granted the motion and ordered a new trial. Defendants-appellants appeal.

We are satisfied that the verdict was inadequate for the conceded injuries and are also satisfied that the jury was fully

justified in finding that the rash was unconnected with the accident or injuries resulting from the accident. The question therefore is whether we must require a new trial, including the issue which the jury has properly adjudicated against plaintiff, merely because the jury made an inadequate award on the part of the case which they found in plaintiff's favor, or whether we may not properly place a value on the connected injuries as high as any jury would be warranted in going and give the defendants the opportunity of stipulating to pay such an increased verdict in lieu of suffering a new trial.

It would seem clear in reason and principle that the last alternative should be available to the court in order that the litigation may be brought to a just determination without involving the time and expense of another trial.

From uncertain beginnings (*Cassin* v. *Delany,* 38 N. Y. 178; *Whitehead* v. *Kennedy,* 69 N. Y. 462) it became the established law that the court might conditionally reduce an excessive verdict on consent of the plaintiff and save a new trial to which a defendant would otherwise be entitled (*Holmes* v. *Jones,* 121 N. Y. 461). It has since been the common and frequent practice of the courts to employ this procedure to save a duplication of trials.

The opposite situation of an inadequate verdict has not so frequently arisen. Indeed there does not appear to have been a case in the first department in which the court has conditionally increased an inadequate verdict on consent of the defendant as the alternative to a new trial. Exactly the same reasoning and considerations apply in this event, however, as in the event of excessive verdicts, and the courts have similarly acted (*Torsiello* v. *Drohan,* 254 App. Div. 803 [3d dept.]; *Hyman* v. *City of New York,* 263 App. Div. 896 [2d dept.]; *Iannotta* v. *Integrity Holding Corp.,* 269 App. Div. 1044 [2d dept.]; *Ullman* v. *Tubbs,* 279 App. Div. 1120 [3d dept.]; *Dugan* v. *Murphy,* 281 App. Div. 1044 [2d dept.]).

Similarly, we have stated that " Where the verdict of a jury is * * * inadequate, the trial court * * * may direct a new trial * * * unless defendant agrees to permit a recovery in a greater sum." (*Kligman* v. *City of New York,* 281 App. Div. 93, 94).

In the case of an excessive verdict, the defendant cannot object if the verdict is held against him so long as the excessiveness is eliminated. Likewise, in the case of an inadequate verdict, a plaintiff cannot object so long as he is accorded the benefit of

the verdict raised to an amount as high as that to which he would be justly entitled.

Thus, plaintiff concedes that either the trial or appellate court may conditionally raise an inadequate verdict as an alternative to directing a new trial, but plaintiff argues that where the trial court has directed a new trial outright because of the inadequacy of a verdict, and has not availed itself of the alternative of conditionally increasing the verdict, the appellate court may not modify by adding the alternative. We see no force in this argument whatever. Judicial authority for such modification is hardly required in view of section 584 of the Civil Practice Act, but authority does exist in the action of the Appellate Division of the Second Department in *Laidhold* v. *Suburban Laundry Co.* (239 App. Div. 847).

The order appealed from should be modified to order a new trial on the ground of the inadequacy of the verdict unless defendants stipulate to increase the verdict to the sum of $2,500, in which event the judgment is to be entered accordingly, with costs to plaintiff-respondent.

CALLAHAN, BREITEL, BASTOW and BOTEIN, JJ., concur.

Order unanimously modified so as to order a new trial on the ground of the inadequacy of the verdict, unless the defendants stipulate to increase the verdict to the sum of $2,500, in which event judgment is to be entered accordingly, with costs to the plaintiff-respondent. Settle order on notice.