Frank A. Gulotta, J.
This is an action by a contract vendee for specific performance of a contract for the purchase and sale of 10 vacant lots in Massapequa, New York. The agreement, dated December 13,1958, provided for title to close on February 15, 1959. The selling price was $11,500 and $1,150 was paid upon the signing of contract.
The date set for closing happened to be a Sunday and during the preceding week the broker, on behalf of the buyer, requested a short adjournment assigning as the reasons that the buyer was temporarily short of cash, that the title search had not yet been completed, and that the title company would not in any event send out a representative to close title on a Sunday. He says that the seller flatly refused any adjournment unless he got more money.
Defendant denies most of this. He insists that he waited at his home all day Sunday ready to close, and denies that the broker previously called him to request an adjournment. He says that two days after the closing date he called the broker to find out why he and the buyer had not appeared.
There seems little reason to doubt that the broker, who incidentally had been employed by defendant, did request the adjournment. The testimony is that plaintiff’s president stood by while the broker talked on the telephone to the defendant in Polish, the defendant’s native tongue, and it seems highly unlikely that a builder, skilled in real estate matters, would let a closing date go by and completely ignore it. Furthermore, it is unbelievable that a person as anxious to close title as defend *82 ant professes to have been, would have sat by and not attempted until two days after the closing date to ascertain the reason for plaintiff’s nonappearance, unless he in fact did not expect him because he had already had the telephone call which he now denies.
Within less than 30 days thereafter plaintiff was ready to close and made this known to the seller. The latter still refused and took the position that the contract was at an end and that he could and would keep the down payment. Defendant admits that he refused to go through with the deal when, within the month, plaintiff was ready. He is in no position to deny this, because on March 12, 1959, a summons and complaint and notice of pendency of action was filed in the Nassau County Clerk’s office, and service of the summons and complaint was effected on defendant on April 1, 1959.
• Under- these circumstances the plaintiff was excused from making a formal tender. (Baumann v. Pinckney, 118 N. Y. 604.)
It is elementary that in a contract such as this, which does not make time of the essence, the plaintiff corporation was entitled to a reasonable adjournment and that for the purposes of an equity suit the passage of the “ law day ” did not put it in default. (Duffy v. O’Donovan, 46 N. Y. 223; Meyers v. De Mier, 52 N. Y. 647.) The defendant’s wrongful refusal to grant an adjournment does not expand his rights.
A party is nonetheless entitled to specific performance of a contract although he has not himself complied with its terms as to time of performance, where the contract does not stipulate that time is of the essence, and his failure to perform is not due to bad faith or inexcusable delay. Neither of these elements is present here. (Lese v. Lamprecht, 196 N. Y. 32.)
There was no change in the situation of this vacant land nor in defendant’s position during the time of the requested adjournment. While there may have been a change because of the time which has elapsed since the action was commenced, that delay is of defendant’s making since he could have closed at any time. Decree is granted, with costs.