■ JOSEPH DE BELL, Appellant, v. NOTHNAGLE FLORIDA REALTY CORP., Respondent, et al., Defendant.— Order unanimously reversed, with costs, and motion denied, with $10 costs. Memorandum: The lower court granted summary judgment in favor of defendant dismissing the complaint on the ground that the statement in the contract, that the written instrument constituted the entire agreement and that no representations had been made to induce plaintiff to enter into the contract except such as were set forth in it, prevented plaintiff from maintaining this action for fraud. We do not agree. The existence of an omnibus statement of merger and disclaimer, such as is in the contract executed by plaintiff, is not a bar to showing fraud either in the inducement or in the execution of the contract. (*Danann Realty Corp.* v. *Harris*, 5 N Y 2d 317, 320.) Since there is a genuine and substantial issue of fact presented by the pleadings concerning the making of the alleged misrepresentations, plaintiff also is not entitled to summary judgment (*Falk* v. *Goodman*, 7 N Y 2d 87, 91). (Appeal from order of Monroe County Court, Special Term, granting defendant Nothnagle Florida Realty Corp.'s motion for summary judgment dismissing the complaint upon the merits.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ HORACE KEPNER, Respondent, v. GERALDINE BARRY, Orleans County Treasurer, as Administratrix of the Estate of LOUIS A. HERMAN, Deceased, Appellant. (Action No. 1.) — Order unanimously modified on the law and facts so as to direct a new trial of all issues and as so modified affirmed, without costs of this appeal to either party. Memorandum: The inadequacy of the verdicts may have been the result of a compromise by members of the jury because of doubt as to plaintiff's right to recover. (See 4 Weinstein-Korn-Miller, N. Y. Prac., par. 4404.34.) Furthermore, the trial court failed to adequately charge the jury as to contributory negligence. (See 1 New York Pattern of Jury Instructions, Civil, pp. 176–177.) (Appeal from order of Erie Special Term granting a new trial only as to the amount of damages.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ RICHARD METZ et al., Respondents, v. GERALDINE BARRY, Orleans County Treasurer, as Administratrix of the Estate of LOUIS A. HERMAN, Deceased, Appellant.— Same decision and like cause of action as in companion case of *Kepner* v. *Barry* (24 A D 2d 825), decided herewith.

■ FIREMAN'S FUND INSURANCE COMPANY et al., Appellants, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Judgment unanimously affirmed, with costs. (See *Rice & Lockwood Lbr. Co.* v. *Boston & Maine R. R.*, 308 Mass. 101.) (Appeal from judgment of Monroe Trial Term in favor of defendant dismissing the complaint.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.