**814**

■ RICHARD C. BOGAERT et al., Appellants, v. SEWARD A. BARTHOLOMEW et al., Respondents. Memorandum: Defendants should not be precluded from an opportunity to establish on a plenary trial all the circumstances surrounding the transaction between the parties from which there well may be derived the inference that time was contemplated by the parties to be of the essence of the contract. All concur, except Goldman, J., who dissents and votes to reverse and grant the motion, in the following Memorandum: The only question presented in this appeal is one of law. If the language of the purchase contract "Transaction to be completed * * * on or before July 20, 1965" makes time of the essence, then appellants' summary judgment motion was properly denied. If it does not, the delay in closing was occasioned by the respondents and appellants acted with all reasonable promptness once respondents furnished the required title documents, and appellants' motion should have been granted. The rule of law enunciated in *Ballen* v. *Potter* (251 N. Y. 224, 228) "that the mere designation of a particular date upon which a thing is to be done does not result in making that date the essence of the contract" has been uniformly followed (*Wilco Constr. Corp.* v. *Prywes*, 29 Misc 2d 81, 82, affd. 14 A D 2d 929). The record presents no question of fact, the resolution of which should await a plenary trial, and appellants' motion should have been granted. (Appeal from orders of Monroe Special Term, entered in Yates County, denying motion for summary judgment and denying motion to reargue said motion.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ PATRICK F. KANE, Plaintiff, v. GEORGE BATEMAN et al, Defendants. (Action No. 1.) RUTH KILLINGBECK, as Administratrix of the Estate of JAMES E. KILLINGBECK, Deceased, Appellant, v. MEMBERS OF THE BOARD OF EDUCATION OF THE ORCHARD PARK CENTRAL SCHOOL DISTRICT et al., Respondents. (Action No. 2) Memorandum: The trial court properly set aside the $27,500 verdict as excessive but its granting of a new trial on the issue of liability in addition to the issue of damages was neither necessary nor required in the interests of justice. The questions of negligence and freedom from contributory negligence were fully and fairly tried. They were properly submitted to the jury and the verdict on the issue of liability is sufficiently supported by the evidence. Under these circumstances the interests of justice will be best served by the direction of a retrial solely of the damage issue. (*Mercado* v. *City of New York*, 25 A D 2d 75; CPLR 4404; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.34.) (Appeal from part of order of Erie Trial Term, granting motion to set aside verdict in an automobile negligence action unless plaintiff stipulates to reduce verdict.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ RUTH KILLINGBECK, as Administratrix of the Estate of JAMES E. KILLINGBECK, Deceased, Respondent, v. MEMBERS OF THE BOARD OF EDUCATION OF THE ORCHARD PARK CENTRAL SCHOOL DISTRICT et al., Appellants. (Action No. 2.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.