■ ELIZABETH GARFIELD, Individually and as Executrix of SAMUEL H. GARFIELD, Deceased, Appellant-Respondent, v. MARY STOLZ et al., Appellants, and NORMAN W. COOK et al., Respondents. NORMAN W. COOK et al., Appellants-Respondents, v. MARY STOLZ et al., Respondents-Appellants, and TOWN OF POUND RIDGE et al., Respondents.— In consolidated negligence actions to recover damages for wrongful death and for personal and property injuries, all the plaintiffs and the defendants Stolz appeal variously from an order and a judgment of the Supreme Court, Westchester County, entered respectively July 13, 1967 and August 11, 1967, after a jury trial, and plaintiffs Cook also appeal from a further order of the same court entered October 2, 1967. The order of July 13, 1967 (1) granted the motion of defendant Town of Pound Ridge (a) to set aside the jury verdict insofar as it was in favor of all the plaintiffs against said defendant and (b) to direct entry of judgment for said defendant against all the plaintiffs, (2) denied a similar motion by defendants Stolz and (3) directed entry of judgment (a) for all the plaintiffs against defendants Stolz, for defendant Cook against plaintiff Garfield, and for defendant County of Westchester against all the plaintiffs (in accordance with the remainder of the jury verdict) and (b) for defendant Town of Pound Ridge against all the plaintiffs. The judgment is in accordance with the order of July 13, 1967. The order of October 2, 1967 denied plaintiff Norman W. Cook's motion to set aside, on the ground of inadequacy, the verdict as to the cause of action for his personal injuries. Each appellant's appeal from the order of July 13, 1967 and from the judgment is from so much thereof as is against him or her and the appeal by plaintiffs Cook from the order of October 2, 1967 is from the entire order. Judgment affirmed, without costs, insofar as it is (a) in favor of plaintiff Garfield, as executrix and individually, and plaintiff Nancy B. Cook against defendants Stolz; (b) in favor of defendants Town of Pound Ridge and County of Westchester against all the plaintiffs; and (c) in favor of defendant Cook against plaintiff Garfield. Judgment insofar as it is in favor of plaintiff Norman W. Cook against defendants Stolz, (1) modified, on the law and the facts, by changing the amount of the principal recovery from $11,300 (which was based on all his three causes of action) to $6,300 (to cover only his causes for loss of services and property injuries), and affirmed as so modified, without costs; and (2) further modified, on the law and the facts, by directing a new trial, limited to the issue of damages, as to said plaintiff's cause of action for personal injuries against defendants Stolz, and severance of said cause, with costs to abide the event, unless within 30 days after entry of the order hereon defendants Stolz shall serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the amount of the verdict as to said cause to $17,500 and to the entry of an amended judgment accordingly, in which event the judgment, insofar as it is in favor of said plaintiff against said defendants and as so increased and amended, is affirmed, without costs. In our opinion, the jury's award to plaintiff Norman W. Cook on his cause of action for personal injuries was inadequate to the extent indicated herein. Order entered July 13, 1967 affirmed, without costs, insofar as it granted the motion of defendant Town of Pound Ridge to set aside the verdict as against it and directed entry of judgment in its favor. Appeals from (1) the remainder of the order of July 13, 1967 and (2) the order of October 2, 1967 dismissed, without costs. Orders denying motions for a new trial and for judgment notwithstanding a contrary verdict, made only on the trial minutes, are not appealable. In any event, the foregoing disposition of the appeals from the

judgment renders academic the appeals which are being dismissed. Beldock, P. J., Christ, Rabin, Benjamin and Kleinfeld, JJ., concur.