■ ELAINE M. PARLATO, Respondent, v. SEMMES MOTORS, INC., Appellant. — In an action to recover damages for personal injuries allegedly caused by defendant's negligence and breach of warranty in the inspection, repair and servicing of a motor vehicle, defendant appeals from an order of the Supreme Court, Westchester County, dated April 14, 1971, which granted plaintiff's motion to set aside, on the ground of inadequacy, a jury verdict of $5,000 in her favor, and granted a new trial solely on the issue of damages. A motion had also been made by defendant for a new trial on all the issues. Order reversed, on the law, and new trial granted on both the issues of liability and of damages, with costs to abide the event. No questions of fact have been considered. Plaintiff was allegedly injured when she fell while seeking to escape from her mother's automobile which defendant had allegedly negligently repaired. The car began to smoke when plaintiff attempted to start it and she claims to have fallen while leaving the vehicle. The injuries sustained by plaintiff were substantial, but there was a close question of whether or not they were causally related to defendant's conduct. There was testimony indicating that plaintiff had a congenital defect and no claim was made that the accident had aggravated a pre-existing condition. The trial court charged the jury that, if they found that a pre-existing condition had been aggravated, they would have to find for defendant. The court further noted that plaintiff's out-of-pocket damages were $2,356. In the opinion rendered upon setting aside the jury's verdict the court noted that, if the jury found a causal relationship between the accident and the injury, the award of $5,000 was inadequate and, if they rejected the claim of causality, the award was excessive. While we agree with the reasoning of the trial court as expressed above, we believe that the proper relief is to grant a new trial on both the issues of liability and of damages. The damages sustained would support a larger verdict if causality was established. However, if the jury rejected the claimed causality, the award was excessive. We view this case as an example of a compromise verdict. It is obvious that members of the jury compromised their views in exchange for the agreed upon award. Thus, a new trial is required of all issues (CPLR 4404, subd. [a]; see *Lallo* v. *Grant Co.*, 31 A D 2d 941). Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.