■ CARL ZLATCHIN, Respondent, et al., Plaintiffs, v. JOHN WISCHHUSEN et al., Appellants.— Order, Supreme Court, New York County, entered on November 8, 1972, setting aside a jury verdict in the sum of $1,000 in favor of plaintiff on the grounds of inadequacy and ordering a new trial, unanimously modified, on the law and the facts and in the exercise of discretion, with $60 costs and disbursements to plaintiff-respondent, so as to order a new trial on the issue of damages only, unless defendants stipulate to increase the verdict to the sum of $6,000, in which event the order appealed from is so modified, and otherwise affirmed, and judgment is directed to be entered accordingly in favor of plaintiff-respondent, with $60 costs and disbursements of this appeal to plaintiff-respondent. The stay granted by order of this court, entered on November 28, 1972, is vacated. As the result of an intersection collision, plaintiff was injured, claiming injuries to his knee, forehead, concussion and a hernia. The latter injury was seriously disputed. The jury returned a verdict in the sum of $1,000. This amount was patently inadequate as that amount just about equaled plaintiff's special damages and obviously gave no recognition to the residuals of the injuries resulting in a permanent scar on the forehead and a one-half inch atrophy of the left thigh which defendant's medical expert indicated may be permanent. The Trial Judge properly set aside the verdict as inadequate, and ordered a new trial. In our judgment, a new trial solely on the issue of damages, in this day of overcrowded calendars, is more appropriate and in accord with the realities. (*O'Connor* v. *Papertsian,* 284 App. Div. 245, affd. 309 N. Y. 465; *Pfeiffer* v. *Empire Merchandising Co.,* 33 A D 2d 565; *Mercado* v. *City of New York,* 25 A D 2d 75.) And the sum of $6,000 is also a figure more reasonably representative of compensation, under all the facts and circumstances of the trial and appeal, which defendant may accept or reject, as he is so advised. Defendant's disposition thereon should be indicated on settlement of the order. Settle order on notice. Concur — McGivern, J. P., Markewich, Nunez, Lane and Tilzer, JJ.