MARGARET K. HOGUE et al., Respondents, v WILLIAM B. WILSON, Appellant.

Fourth Department, April 9, 1976

*Harpending, Fox, Buck, Gleckner & Danaher (M. Joseph Danaher* of counsel), for appellant.

*Sayles, Evans, Brayton, Palmer & Tiffy (Edward Hoffman* of counsel), for respondents.

CARDAMONE, J. The issues presented by defendant on this appeal in an intersection auto negligence action are whether the trial court erred in setting aside plaintiffs' verdicts as inadequate and directing a new trial limited to the issue of damages alone rather than on the issues of damages and liability.

The accident which gives rise to this litigation occurred on a dark and rainy August, 1972 night in Corning, New York. Plaintiff, Margaret Hogue, driving south on Dodge Avenue, had proceeded into its uncontrolled intersection with West Pulteney Street and was in the process of making a left turn in order to proceed in an easterly direction on West Pulteney Street, when she was struck by defendant, William Wilson, who was operating his vehicle in a westerly direction on West Pulteney Street. Following the impact the vehicle in which Mr. Hogue was a passenger ended up against a tree in the southwest quadrant of the intersection. In this routine negligence case the three principals, as parties, were the only witnesses with respect to liability. Their versions as to the circumstances surrounding the accident differed and presented simply a question of credibility for the jury.

With respect to damages, the medical testimony of both Dr. O'Neil, the plaintiff's attending physician, and Dr. Campbell, the defendant's examining physician, was essentially in agreement. They found that plaintiff, Margaret Hogue, had suffered 14 fractured ribs with three fractured in two places and with four of the fractures showing displacement. While hospitalized she had a tracheotomy tube inserted through an opening in her throat into her windpipe and was attached to a ventilator machine to assist her breathing. She had two tubes placed

through openings in her chest and a tube inserted in her nose down her throat to her stomach. She suffered a contusion and laceration to her scalp which resulted in a permanent scar. The chest injuries produced callous formation over the fracture sites and scar tissue and adhesions in her chest walls which were permanent and which would cause pain in the future. She has a shortness of breath which Dr. O'Neil attributed to a heart condition which he said came from the accident. Dr. Campbell testified that in his opinion the shortness of breath came from a hiatal hernia which was made worse by the accident. Mrs. Hogue's medical bills totaled $4,681.95 and she lost $2,415 in wages from her employment at the Corning Glass Works.

The jury awarded her $8,000, about $900 above her special damages and awarded Mr. Hogue $200, which was adequate for his injuries which were of a minor nature, but he claims it was inadequate for the loss of consortium sustained by him as a result of the injuries to his wife. The trial court granted plaintiffs' motion to set aside these verdicts as inadequate and directed a new trial limited solely to the issue of damages prompting defendant's appeal.

We observe initially that the trial court's determination with respect to the adequacy of a jury verdict should only be disturbed by us where it can be said that the exercise by the trial court of its discretion is not reasonably grounded *(Kielman v Enterprise Stores,* 38 AD2d 629), since the trial court is best positioned to evaluate the reactions of the jury. We find no abuse of discretion of the trial court's conclusion that the awards here were inadequate *(Zlatchin v Wischhusen,* 41 AD2d 731).

With respect to the order directing a new trial restricted to the issue of damages, it is well settled that an issue once correctly determined need not be tried again "even though justice demands that another distinct issue, because erroneously determined, must again be passed on by a jury". The issue to be retried must be so "distinct and separable from the others that a trial of it alone may be had without injustice" *(Gasoline Prods. Co. v Champlin Co.,* 283 US 494, 498-500). Thus evolved the rule, easy to state but less easy to apply, that where the circumstances of a particular case indicate that justice can only be done by a complete new trial, then such should be ordered; where, however, the error affects only the determination of some of the issues, then the court may

retry only those issues (4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.34). The First Department in a leading case applied this rule in the context of liability and damages in a negligence case, holding that where the question of damages is so interwoven with or related to liability that damages cannot adequately be submitted to the jury independent of the proofs bearing on liability, the issues should be retried together. On the other hand, it stated that where there is no evidence of a compromise verdict, nor improper prejudice to the defendant as a result of sympathy for the plaintiff, and "[w]here the questions of negligence and freedom from contributory negligence have been fully and fairly tried and properly submitted to the jury" without error in the record, "then, the verdict, if supported by the evidence, may properly be accepted as conclusively settling the same" (Mercado v City of New York, 25 AD2d 75, 77). This rule has been followed in this department (see, e.g., Kane v Bateman, 28 AD2d 814; Kepner v Barry, 24 AD2d 825) and in the other departments (see, e.g., Levine v Jannotti, 41 AD2d 952; Garfield v Stolz, 32 AD2d 835, affd 26 NY2d 929; Parlato v Semmes Motors, 38 AD2d 844 [2d Dept]; Bonder v Berman, 43 AD2d 653; Hempel v Jenkins, 28 AD2d 1068, affd 24 NY2d 822 [3d Dept]). Recently, the Court of Appeals reaffirmed this rule, sustained an order directing a new trial limited solely to the issue of damages and stated that "where liability and damages are neither intertwined nor the result of a trade-off of a finding of liability in return for a compromise on damages, the court is empowered to limit the new trial to the issue of damages alone [citations omitted]" (Figliomeni v Board of Educ., 38 NY2d 178, 182).

We conclude, therefore, that the mere fact that the jury verdict approximates the amount of "specials" is not the criterion for deciding whether the verdict occurred as a result of an improper compromise; otherwise, all such cases would require retrial in their entirety. Absent any error found in the record related to the issue of liability which taints the verdict on damages or any other circumstance which results in an impermissible compromise verdict, a retrial restricted solely to the issue of damages is proper.

The order should be affirmed.

MARSH, P. J., MOULE, MAHONEY·and GOLDMAN, JJ., concur.

Order unanimously affirmed, with costs.