■ THEODORE W. KRAUS, as Administrator of the Estate of THEODORA KRAUS, Deceased, et al., Respondents v FORD MOTOR COMPANY, Appellant.— Order modified in accordance with memorandum and, as modified, affirmed, without costs, Simons, J., not participating. Memorandum: Following a jury verdict of $3,500 in this wrongful death action, the trial court directed a new trial unless defendant, Ford Motor Company, agreed to increase the verdict to $10,000. Defendant appeals, contending that the jury verdict should not have been set aside. It is clear, however, that a trial court may, in the exercise of its discretion, set aside a jury verdict on the ground of inadequacy *(Figliomeni v Board of Educ.,* 38 NY2d 178), and where a verdict is plainly inadequate, the courts are bound to correct it *(Cavanaugh v Feldman,* 240 App Div 908). Furthermore, when a trial court exercises its discretion with respect to adequacy of a jury verdict, its determination should not be disturbed unless it is not reasonably grounded, *(Hogue v Wilson,* 51 AD2d 424). The jury found that plaintiff's "probable chances of pencuniary benefit from the continuance in life of the decedent" *(Arnold v State of New York,* 163 App Div 253, 265) were worth $2,259.05, after

allowing for funeral expenses. We agree with the trial court that this verdict is inadequate. However, it may not be concluded that the trial court's award was not influenced by the evidence of decedent's earnings record which was improperly admitted. On the very day trial commenced, plaintiff orally moved to amend his bill of particulars in order to add a statement of decedent's prior earnings. While leave to amend a bill of particulars is to be freely granted (CPLR 3025, subd [b]), plaintiff's motion was unaccompanied by a supporting affidavit, and failed to show "special and extraordinary circumstances" (see *Gardner v Fyr-Fyter Co.,* 55 AD2d 816; see, also, *Barry v Niagara Frontier Tr. System,* 38 Ad2d 878). The amount of decedent's wages was available long before plaintiff's motion, and in the absence of reasonable excuse for the delay, such evidence was improperly received. With respect to the amount of damages, plaintiff was entitled to recover "such sum as the jury * * * deems to be fair and just compensation for the pecuniary injuries resulting from the decedent's death" (EPTL 5-4.3). In determining the extent of pecuniary injury, decedent's age, health, life expectancy, relationship to the person seeking recovery and disposition to support such person are proper factors for consideration *(Neff v United States,* 282 F Supp 910, revd on other grounds 420 F2d 115, cert den 397 US 1066). Here, decedent was 66 years of age at the time of her death and had a life expectancy of 14.95 years. Although she was hospitalized due to a hip problem about six months before her death, her physician's testimony shows that she was improving and able to return to her normal activities. It is clear that she was well disposed toward plaintiff, her only child, and provided for him and assisted him throughout her life. Though she was not supporting him when she died, she periodically gave him money for clothing, gasoline and other expenses. She also kept a room for him in her home, and he frequently stayed there and ate meals which she prepared for him. Mindful that there is no mathematical formula for the determination of damages in a wrongful death action and that the amount of damages awarded involves some degree of speculation *(Walther v News Syndicate Co.,* 276 App Div 169, 177), on consideration of the relevant factors, other than earnings, we find that the trial court's conditional award should be modified by reducing the amount from $10,000 to $7,000 (see *Mammarella v Consolidated Edison Co. of N. Y.,* 44 AD2d 571). All concur, except Witmer, J., who dissents and votes to reverse the order and reinstate the verdict, in the following memorandum: Finding that the amount of the verdict rendered on the first trial herein was without support in the record we ordered a new trial. On the second trial the jury rendered a verdict in the sum of $3,500. Although this verdict was minimal upon the evidence, it was found pursuant to a proper charge and there was no reason to disturb it except for the feeling of the Trial Justice that it was inadequate. But he had no right to substitute himself for the jury. In this court the majority have determined that the trial court's conditional increase of the verdict was excessive, and they have reduced it to the sum of $7,000. In my view the premise of the majority is incorrect. Our consideration should not be the conditional award fixed by the trial court, but the validity of the jury's verdict. Since that verdict was one that reasonable men could find upon the evidence, I would reverse the Trial Justice's order and reinstate the verdict. (Appeal from order of Erie Supreme Court—wrongful death.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.