■ MARY TICKNER, Appellant, v REGINALD ALLEN, Respondent.—Order unanimously reversed, on the law and facts, with costs, and verdict reinstated. Memorandum: Plaintiff asserts that it was error for the trial court to set aside a jury verdict in her favor in the amount of $2,189.25. Plaintiff's complaint alleged that defendant, who operated the box office at the Temple Civic Center in Rochester, New York, broke his oral contract to turn over to her money which he collected in connection with two performances of the Marine Corps Band which she sponsored in October, 1975, and that, based upon her estimates of attendance, $4,378.50 in ticket proceeds was missing. Plaintiff's evidence consisted of personal observations by herself and three others that the civic center was approximately 99% and 75% occupied for the matinee performance and evening performance respectively. Defendant's proof consisted of observations by himself and by the ticket takers and spotlight technician that attendance at the concerts corresponded to the

box office receipts, which represented attendance of 59% and 50% at the two performances, and that plaintiff was responsible for security at the civic center entrances where there were no ticket takers. The jury returned a verdict in favor of plaintiff in the amount of $2,189.25 and the Judge set it aside and ordered a new trial on the issues of liability and damages, noting that the verdict which was one half of the amount requested in plaintiff's complaint, and which could not be computed as an exact number of $1.50, $3, $4 and $5 tickets not accounted for, indicated that the jury did not deliberate adequately upon the issues but, rather, had compromised. A verdict that is the result of compromise and is not supported by the evidence cannot stand *(Parlato v Semmes Motors,* 38 AD2d 844; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.23). However, a verdict which is an apparent compromise on a question of unliquidated damages should not be set aside (see *Van Der Harst v Koenig,* 249 App Div 235, 236); *Clark v Foreign Prods. Co.,* 194 App Div 284, 286). Neither the verdict's being one half of the amount requested in the complaint, nor its ending in 25 cents, makes the verdict an impermissible compromise (see, e. g., *Camp v Camp,* 244 App Div 866). Plaintiff's damages were unliquidated and the amount requested in her complaint was based on estimates of attendance at the two performances. The jury was presented with a range of testimony concerning attendance, and by its verdict found that more people had been in attendance than defendant accounted for but fewer than plaintiff estimated in her complaint. Accordingly, the verdict, if a compromise, is one on the question of unliquidated damages rather than liability, and should not have been set aside (see *Van Der Harst v Koenig, supra,* p 236; *Clark v Foreign Prods. Co., supra,* p 286). (Appeal from order of Monroe Supreme Court—new trial.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.