■ DIANE M. PITTS, as Administratrix of the Estate of ROBERT PITTS, Deceased, Respondent, v COLUMBUS MCKINNON CORP., Respondent, and FRONTIER BRONZE CORP., Appellant and Third-Party Plaintiff. WRIGHT & KREMERS, INC., Third-Party Defendant-Appellant-Respondent. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: Plaintiff brought this action against Columbus McKinnon Corp. and Frontier Bronze Corp. to recover damages for the injury and death of her husband, Robert Pitts. Frontier cross-claimed against Columbus McKinnon Corp. and brought a third-party action against the employer of plaintiff's intestate, Wright & Kremers. After a trial plaintiff recovered jury verdicts of $90,000 damages for wrongful death and $10,000 damages for conscious pain and suffering. Defendant-third-party plaintiff Frontier Bronze Corp. appeals from an order which set aside the verdicts as inadequate and which directed that a new trial be granted on the issue of damages only. It also appeals from the order denying its motion to set aside the verdict of the jury insofar as it apportioned liability by holding it responsible for 25% of plaintiff's damages and denied it complete indemnity from the third-party defendant, Wright & Kremers. Frontier Bronze further appeals from the judgment of the same court which dismissed plaintiff's complaint and the cross claim of Frontier Bronze Corp. against defendant Columbus McKinnon Corp. Third-party defendant, Wright & Kremers, Inc., appeals from the order setting aside the verdicts of plaintiff as inadequate and directing a new trial as to damages only. The damages arise from an accident occurring on the premises of Frontier Bronze Corp. on which Wright & Kremers was performing work under a contract calling for major structural changes to the foundry building. At the time of the accident, plaintiff's intestate, an employee of Wright & Kremers, was assisting his coemployees in attempting to raise a section of the foundry roof. Frontier Bronze Corp. contends on appeal that it is entitled to complete indemnity from Wright & Kremers as it was cast in judgment as vicariously liable by a breach of duty of its delegate, Wright & Kremers. The case was submitted to the jury on a charge that if Frontier Bronze was found free of negligence, it was entitled to 100% indemnity from Wright & Kremers but that if it was negligent under a theory of personal liability for its own actions or inactions and not under a theory of vicarious liability, the jury should apportion the fault. The evidence in the record presented issues of fact and credibility and the court properly submitted

them to the jury which decided against Frontier Bronze (see *Frattura v Cozzolino Constr. Corp.,* 63 AD2d 1098). We also agree with the court's determination that the verdicts were inadequate, and where a verdict is plainly inadequate the courts are bound to correct it *(Cavanaugh v Feldman,* 240 App Div 908). Furthermore, when the trial court exercises its discretion with respect to adequacy of a jury verdict, its determination should not be disturbed unless it is not reasonably grounded *(Kraus v Ford Motor Co.,* 55 AD2d 851, app dsmd 42 NY2d 1093). Decedent, age 30, was a journeyman ironworker earning approximately $14,000 per year with a working life expectancy of 35 years. He was survived by his wife Diane, age 30, and two children, David, age 5, and Donna, age 8. The record further supports the conscious pain and suffering in excess of three hours with an awareness by him of his condition. Finally, we find no error in the court granting the motion made by Columbus McKinnon Corp. to dismiss the complaint and the cross claims against it. (Appeals from order of Niagara Supreme Court—wrongful death—new trial.) Present—Simons J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.