■ KATHY LATHERS, as Administratrix of the Estate of HARVEY D. LATHERS, Deceased, Appellant, v KATHLEEN E. HAYES et al., Respondents. (And a Third-Party Action.)—Harvey, J. Appeals (1) from a judgment and an amended judgment of the Supreme Court (White, J.), entered September 21, 1989 and January 9, 1990 in Montgomery County, upon a

verdict rendered in favor of defendants, and (2) from an order of said court, entered November 14, 1989 in Montgomery County, which denied plaintiff's motion to set aside the verdict.

On May 6, 1987, a two-car collision occurred on Switzer Hill Road in the Town of Mohawk, Montgomery County, at approximately 7:30 P.M. It had been raining on and off that day and, at the time of the accident, it was a little foggy and the road was wet. Defendant Kathleen E. Hayes (hereinafter defendant) was operating a vehicle owned by her father, defendant Robert S. Hayes, in a southerly direction on Switzer Hill Road. At one point her vehicle skidded left and crossed the center line into the northbound lane, colliding with a car driven by third-party defendant. At that time, Harvey Lathers was a passenger in the car driven by third-party defendant. The injuries Lathers sustained from the accident resulted in his death.

Thereafter, plaintiff, as administratrix of decedent's estate, commenced a wrongful death action against the named defendants. Defendants in turn impleaded third-party defendant. At trial, conflicting testimony about the accident was given by the drivers of the respective vehicles. Third-party defendant testified that he was driving north on his side of the road when the car driven by defendant crossed into his lane, hitting his car on the left back side. Defendant testified that she was driving on her lane southbound when she saw the rear end of the car being driven by third-party defendant in her lane. She testified that she pressed the brakes and skidded to the left, colliding with the other car. There was testimony that both cars had been moved from the point of collision prior to the police investigation of the accident. There were no other witnesses to the accident and the physical evidence was most inconclusive. Following the close of evidence, the jury returned a verdict in favor of defendants. Plaintiff's motion to set aside the verdict was denied and these appeals followed.

Initially, plaintiff contends that the jury's verdict was the result of an impermissible compromise and should have been overturned by Supreme Court on that basis. We disagree. At the conclusion of Supreme Court's charge (to which plaintiff did not take exception) the jury was provided with a "verdict sheet * * * approved by all counsel". Shortly after the jury recessed for deliberations it requested that Supreme Court reread the definition of negligence given in the court's charge. Since the jury could not reach a verdict that first day, deliberations were adjourned until the next day when the jury asked

the court to reread unspecified portions of its charge. When Supreme Court asked the jury to be more specific the jury instead returned the verdict sheet with a note. The verdict sheet established that defendant was not negligent. The note, signed by all six jurors, stated in substance that the jury could not "in all honesty and in good conscience" find that either defendant or third-party defendant was negligent "from the testimony or evidence" the jury had before it.

Based on these events and the fact that at one point the foreman of the jury expressed confusion over certain language in the verdict sheet, plaintiff speculates that the jury was in reality deadlocked and only came to the result it did because of a tradeoff or compromise. To support this reasoning plaintiff argues that the facts of this case clearly dictate that *someone* had to be negligent for the accident to happen. These arguments are wholly unpersuasive. While the law is clear that "[a] verdict that is the result of compromise and is not supported by the evidence cannot stand" *(Tickner v Allen,* 71 AD2d 835, 836), such a situation has not been presented here. The jury here was crystal clear in its verdict sheet that defendant was not negligent. It discharged its duty by doing so and was not required to make any finding of liability against the other vehicle. Given the sharply conflicting testimony in the case at bar combined with the lack of corroborating evidence, the jury was well within its province in concluding that plaintiff did not prove by a fair preponderance of the evidence that defendant was negligent.

The remaining arguments of plaintiff have either been waived *(see,* CPLR 4110-b) or have been found to be lacking in merit.

Judgment, amended judgment and order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.