■ DELBERT HARGIS, JR., Individually and as Parent and Natural Guardian of D.H., Respondent, v PHYLLIS J. SAYERS, Appellant. (Appeal No. 1.) [834 NYS2d 889]—Appeal from an order of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered October 31, 2005 in a personal injury action. The order granted in part plaintiff's motion to set aside the jury verdict and directed a new trial on the issue of damages for past pain and suffering.

Appeal and cross appeal from a judgment of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered December 13, 2005 in a personal injury action. The judgment was entered upon a jury verdict awarding plaintiff zero damages for past and future pain and suffering.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the motion for a directed verdict in part and as modified the judgment is affirmed without costs, and a new trial is granted on the issue of negligence only in accordance with the following memorandum: Plaintiff commenced this action to, inter alia, recover damages for personal injuries sustained by his infant child when a vehicle driven by defendant ran over the child. The child was allegedly playing in a driveway while defendant was backing the vehicle out of the driveway. Following the close of evidence, plaintiff moved for a directed verdict on the issue of liability. Supreme Court granted the motion and submitted to the jury only the issue of damages for past and future pain and suffering. The jury awarded no damages for past or future pain and suffering. Thereafter, plaintiff moved to set aside the verdict as contrary to the weight of the evidence. The court granted the motion to the extent of ordering a new trial on the issue of damages for past pain and suffering. Subsequently, a judgment was entered upon the jury verdict awarding zero damages. Defendant appeals, and plaintiff cross-appeals, from that judgment.

We reject defendant's contention that the court erred in granting that part of plaintiff's motion to set aside the verdict and for a new trial on past damages. The jury's failure to award damages for past pain and suffering deviates materially from what would be reasonable compensation, and courts are bound to correct plainly inadequate verdicts (*see* CPLR 5501 [c]; *Kriesel v May Dept. Stores Co.*, 261 AD2d 837 [1999]; *Pitts v Columbus McKinnon Corp.*, 75 AD2d 1002, 1003 [1980]). Plaintiff has not pursued in his brief any issue with respect to the jury's verdict awarding zero damages for future pain and suffering, and we therefore deem that issue abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

We agree with defendant, however, that the court erred in granting that part of plaintiff's motion for a directed verdict pursuant to CPLR 4401 on the issue of defendant's negligence. Plaintiff had the burden of showing that the evidence, viewed in the light most favorable to defendant, established as a matter of law that there was no rational process by which the jury could find in favor of defendant (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Borawski v Huang*, 34 AD3d 409 [2006]). On this record, plaintiff failed to meet that burden. Accepting the testimony of defendant as true and affording it every favorable inference, a jury could have rationally found that she exercised reasonable care in backing her vehicle out of the driveway (*see*

*e.g. Kelley v Kronenberg* [appeal No. 2], 2 AD3d 1406, 1408 [2003]). The evidence at trial established that defendant did not see any children prior to getting into her vehicle and that defendant did not see any children prior to backing up the vehicle, despite turning to look behind the vehicle and looking in the vehicle's mirrors. Further, there were disputed factual issues concerning the occurrence of the accident that can only be resolved after a jury assesses the credibility of the witnesses (*see Matter of Scarozza v Tudor Plaza*, 306 AD2d 927, 928 [2003]).

Thus, we modify the judgment accordingly. During the pendency of the appeal, a second trial was held on damages for past pain and suffering. We therefore grant a new trial before a different justice on the issue of defendant's negligence only. Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.