Wachtler, J.
In 1974 the defendant Ronald Remeny was arrested for distributing handbills in violation of subdivision 5 of section 755(2)-7.0 of the Administrative Code of the City of New York. The handbills contained advertisements for certain *529 jazz concerts and at the time of his arrest the defendant was distributing them on the sidewalk in front of Madison Square Garden. The city ordinance states: "No person shall throw, cast or distribute, or cause or permit to be thrown, cast or distributed, any handbill, circular, card, booklet, placard or other advertising matter whatsoever, in or upon any street or public place, or in a front yard or courtyard, or on any stoop, or in the vestibule of any hall in any building, or in a letter box therein; provided that nothing herein contained shall be deemed to prohibit or otherwise regulate the delivery of any such matter by the United States postal service, or prohibit the distribution of sample copies of newspapers regularly sold by the copy or by annual subscription. This section is not intended to prevent the lawful distribution of anything other than commercial and business advertising matter.”
After a trial the defendant was found guilty as charged and was sentenced to pay a fine of $10 or serve a term of two days in jail. The defendant paid the fine and appealed to the Appellate Term which affirmed, with one Justice dissenting.
On this appeal it is conceded that the defendant was distributing handbills in a public place and that the handbills naming the performances and listing the time, place and price of the concerts, constitute "advertising matter” within the meaning of the ordinance. The question is whether this ordinance prohibiting the distribution of commercial leaflets in all public places, at all times and under all circumstances, violates the First Amendment.
In 1942 the Supreme Court considered the constitutionality of this ordinance. At that time it was held valid under the so-called commercial speech exception to the First Amendment (Valentine v Chrestensen, 316 US 52). Several months ago the Supreme Court held that "commercial speech, like other varieties, is protected” under the First Amendment (Virginia Pharmacy Bd. v Virginia Consumer Council, 425 US 748, 770). However the court went on to note that this did not mean that commercial speech can never be regulated in any way. The city now urges that the ordinance can still be upheld as a reasonable regulation. However in our view this is not the type of regulation or restriction which can be imposed on constitutionally protected speech.
It is settled that an ordinance which prohibits the distribution of leaflets or handbills in all public places, at all times *530 and. under all circumstances, cannot be considered a reasonable regulation of constitutionally protected speech (see, e.g., Lovell v Griffin, 303 US 444; Hague v CIO, 307 US 496; Schneider v State, 308 US 147; Jamison v Texas, 318 US 413; Talley v California, 362 US 60). Indeed even in Valentine there was no suggestion that the ordinance could be sustained on this ground. On the contrary it is clear that the court in fact "concluded that, although the First Amendment would forbid the banning of all communications by handbill” this ordinance could be upheld on the now abandoned theory that the First Amendment "imposed 'no such restraint on government as respects purely commercial advertising’ 316 U. S., at 54” (Virginia Pharmacy Bd. v Virginia Consumer Council, supra, at p 758). If an ordinance absolutely prohibiting all distribution of handbills containing constitutionally protected statements on political, social and religious topics is invalid, then this ordinance relating to commercial speech, now also constitutionally protected, suffers from the same infirmity.
The city of course has a legitimate interest in seeing that the exercise of the right does not contribute to the litter on the streets or otherwise violate the law. Thus they may enact reasonable regulations governing the time, place and circumstances of the distribution. But in our view they cannot enact an ordinance absolutely prohibiting all distribution of commercial handbills on city streets and call it a reasonable regulation of the activity. Although we sympathize with the city’s desire to eliminate litter from the streets, we have concluded that the ordinance, as presently worded, is unconstitutional.
Accordingly, the order of the Appellate Term should be reversed, the conviction set aside and the information dismissed on the ground that the ordinance is unconstitutional.