Fuchsberg, J. (dissenting).
I dissent from so much of the majority’s opinion as holds thát the challenged Southampton ordinance is in consonance with the First Amendment. To my mind this measure, which with insubstantial exceptions prohibits nonaccessory billboards anywhere in the town, passes beyond the bounds of a reasonable regulation of the time, place, and manner of expression and constitutes an outright ban on a significant form of communication. Indeed, it is far from certain that it would even allow the use of billboards for political, charitable or religious causes.
In any event, I believe it unnecessary to comment at length upon the progressive fading of the distinction between "commercial” and "noncommercial” speech (see Linmark Assoc, v Willingboro, 431 US 85; Virginia Pharmacy Bd. v Virginia *492 Consumer Council, 425 US 748), or to restate my grounds for believing that the distinction must be altogether effaced (People v Remeny, 40 NY2d 527, 530 [concurring opn]). Clearly the earlier cases in this area can no longer be accepted uncritically.
Suffice it to say that billboards are essentially neutral vehicles for expression, as open to all kinds of messages as are the racks in a bookstore, the advertising columns in a newspaper, or the stage and screen in a theater. It has long been recognized that these forms of communication, although operated commercially, are entitled to a full measure of First Amendment protection (Erznoznik v City of Jacksonville, 422 US 205; Smith v California, 361 US 147; Grosjean v American Press Co., 297 US 233; cf. Pittsburgh Press Co. v Human Relations Comm., 413 US 376). Of course, aesthetic and environmental preservation are valid goals for municipal planning and, in the exercise of their zoning functions for such purposes, communities have considerable elasticity in deciding where billboards may be placed (cf. Young v American Mini Theatres, 427 US 50). However, the enactment before us, by its exclusion of virtually all nonaccessory billboards throughout the large area encompassed by the town, far exceeds the limits of regulation. I would therefore vote to hold the ordinance, as currently drafted, unconstitutional.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Cooke concur with Judge Jasen; Judge Fuchsberg dissents and votes to reverse and declare the ordinance unconstitutional in a separate opinion.
Order modified, with costs to defendants, in accordance with the opinion herein and, as so modified, affirmed. Question certified answered in the negative.