OPINION OF THE COURT
Stuart Namm, J.
Defendant, a gas station attendant of the Vantage Petroleum Corp., is nominally charged with a violation of section 58-2 of the Code of the Town of Brookhaven. It is alleged, inter alia, in the factual part of the simplified information that the defendant did "have a sign larger than legal size posted with gas prices on same in front of [the] Vantage gas station”.
Section 58-2 of the Code of the Town of Brookhaven pro *928 vides as follows: "No sign or placard stating or referring directly or indirectly to the price or prices of such gasoline or other petroleum product other than as provided in this ordinance shall be posted, placed or maintained at, on, near or about the premises where such gasoline or other petroleum products are sold or offered for sale.”
The defendant has moved to dismiss the information on the grounds that the ordinance under which the defendant has been charged is violative of the First and Fourteenth Amendments of the United States Constitution, and sections 8 and 11 of article I of the New York State Constitution.
A factual hearing was conducted by the court on the issues of constitutionality, at which time evidence was presented on behalf of the defendant. No evidence, however, was introduced on behalf of the Town of Brookhaven, the town being satisfied to rest on the presumption of the constitutionality of the ordinance, and upon its argument that the defendant had failed to meet his burden to demonstrate unconstitutionality beyond a reasonable doubt. (Lighthouse Shores v Town of Islip, 41 NY2d 7.)
The sign in question is a metal two-sided A-frame type, standing approximately 6 feet tall and 3 feet wide, with 18-inch letters, intended to advertise the price of gasoline at curbside to passing motorists. Defendant contends, and supported this position with sales statistics, that the business of the station was drastically curtailed on each occasion that it became necessary, after warning, to remove the sign from the premises, or to restrict its use. There was as much as a 40% reduction in sales during the month of December, 1978 as compared to December, 1977 after the price sign could no longer be used. This was clearly the most dramatic reduction in gallons pumped by the station, although each of the pumps was equipped with an illuminated sign, 12 inches by 12 inches, indicating the sales price of gasoline at the station.
Vantage Petroleum gasoline is sold at 3 cents to 4 cents less per gallon on all grades than other local competing major oil company stations, and on a cash only basis, without credit cards, and without service facilities. To compete, defendant alleges, the company must be free to advertise its price to passing motorists by the only meaningful method, a price sign which is visible at a reasonable distance by passing motorists.
The town contends that since all gas stations are governed by this ordinance, and because a gas station has other means *929 of advertising available to it, this is a valid exercise of the police power of a local government to control the aesthetic quality of its environment.
Commercial speech, like other forms of speech, is protected under the First Amendment. (People v Remeny, 40 NY2d 527, citing Virginia Pharmacy Bd. v Virginia Consumer Council, 425 US 748.) This does not mean, however, that commercial speech can never be regulated in any way. (People v Remeny, supra, p 529.) Where a legitimate governmental interest is involved, a municipality may enact reasonable regulations governing the dissemination of commercial advertisement.
Because of the age of the ordinance, and changes in administration, the town is unable to ascertain the original legislative intent in adopting this prohibition. Nevertheless, if the ordinance is reasonably related to some manifest evil which may reasonably be apprehended, and is not arbitrary, it can be presumed that the legislative body has investigated and found the existence of a situation showing or indicating the need for or desirability of the ordinance. (Lighthouse Shores v Town of Islip, 41 NY2d 7, 11, supra.)
By singling out gas stations, for proscription of price signs, other than those affixed to gas pumps, the town has created an arbitrary classification, from which this court cannot reasonably conceive a state of facts to justify such statutory discrimination. (McGowan v Maryland, 366 US 420, 425-426.) Is the aesthetic quality of the environs of Brookhaven any more diminished by a gasoline price sign than a sign advertising the current price of milk? To frame the question is to answer it. While equal protection of the law permits a wide scope of discretion, legislation should not be upheld and enforced where an arbitrary selection has been created without justification. Notwithstanding the foregoing, can this ordinance meet the test of constitutionality, if this court were to infer a state of facts indicating the need for, or desirability of, the ordinance?
 Where speech is curtailed by government, in addition to serving a significant governmental interest, the curtailment must be justified without reference to the content of the regulated speech, and in so doing there must be left open ample alternative channels for communication of the information. (Virginia Pharmacy Bd. v Virginia Consumer Council, 425 US 748, 771, supra.) Here, as in the Virginia statute, the *930 ordinance singles out speech of a particular content, i.e., gasoline prices, and while not preventing its dissemination completely, there has been left open no ample alternative channel of communication, as reflected by the drastic reduction in sales when this means of advertisement was foreclosed.
Judge Fuchsberg, in his concurring opinion in Remeny (supra) succinctly responds to the town’s argument that there are other forms of advertisement, such as local newspapers, available to the defendant: "free access to less expensive channels of communications is vital to entrepreneurs who would speak to the public. Needless to say, not every business is as profitable as its fellows; not everyone can easily afford expensive newspaper and television advertising. The margin between success and failure is often very narrow. Clearly, the smaller the business the more this tends to be the case. But the right, if not the need, is universal.” (People v Remeny, 40 NY2d 527, 533, supra.)
Courts do not decide cases in a vacuum. While justice may be blindfolded, she has never been blind, and her eyes and her ears are forever in tune to the public interest. A striking similarity exists between the legislative proscription of drug price advertisement in the Virginia case, and the Town of Brookhaven’s ban on free standing gasoline price signs. While the consumer public was directly involved in the Virginia case, and the court had to deal directly with the consumer’s interest in the free flow of commercial information, the public interest is no less involved in the instant case. The frustrated gasoline consumer is faced daily with gasoline shortages, either real or concocted, an endless upward inflationary spiral in gasoline prices, potential Arab boycotts, Sunday station closings and the like. He or she has a right to know that there is a dealer whose product is being sold at a discount price within the Town of Brookhaven. Aesthetic quality notwithstanding, it must give way to commercial free speech and the public’s right to know.
Justice Blackmun in speaking for the majority in the Virginia case reasoned as follows (425 US 748, 765, supra): "Advertising, however tasteless and excessive it sometimes may seem, is nonetheless dissemination of information as to who is producing and selling what product, for what reason, and at what price. So long as we preserve a predominantly free enterprise economy, the allocation of our resources in large measure will be made through numerous private eco *931 nomic decisions. It is a matter of public interest that those decisions, in the aggregate, be intelligent and well informed. To this end, the free flow of commercial information is indispensable.”
As a postscript, the town has provided the court with a new sign ordinance which, on its face, would appear to remedy this situation. However, such ordinance has no retroactive effect, and, accordingly, would have no bearing on the instant matter. Moreover, the town has not repealed the afore-mentioned section 58-2, under which the defendant has been charged, thus creating a possible ambiguity in the zoning ordinance. However, this court need not consider the new ordinance, or its potential ambiguities, in the instant case.
For all the foregoing reasons, the defendant’s application to dismiss the information, on the grounds that section 58-2 of the Code of the Town of Brookhaven is unconstitutional, is granted.