■ DIANE M. PITTS, as Administratrix of the Estate of ROBERT PITTS, Deceased, Respondent, v COLUMBUS MCKINNON CORP., Respondent, and FRONTIER BRONZE CORP., Appellant. (Appeal No. 2.)—Judgment unanimously affirmed without costs. Same memorandum as in *Pitts v Columbus McKinnon Corp.,* Appeal No. 1 (75 AD2d 1002). (Appeal from judgment of Niagara Supreme Court—wrongful death.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ BLUE BIRD COACH LINES, INC., Respondent, v CITY OF NIAGARA FALLS et al., Appellants, et al., Defendants.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Section 731.16 of chapter 731 and chapter 375 (§ 375.06, subds [h], [i]) of the Codified Ordinances of the City of Niagara Falls are unconstitutional in that they unnecessarily impair and restrict the right to solicit business and to sell or distribute merchandise, pamphlets, handbills and other items on the public streets of Niagara Falls (see *Virginia Pharmacy Bd. v Virginia Consumer Council,* 425 US 748; *People v Remeny,* 40 NY2d 527). To the extent that section 315.01 of chapter 315 of the ordinances limits the issuance of a permit by the city clerk to residents of the city and to any benevolent society of the city in which only residents of the city participate, the ordinance is impermissibly restrictive as it arbitrarily works to exclude plaintiff as one who is eligible for such a permit. This is not a reasonable regulation of constitutionally protected speech *(People v Remeny, supra).* The judgment appealed from limiting the declaration of unconstitutionality "insofar as the same purport to prohibit or are interpreted as prohibiting the peaceful distribution of handbills upon the public sidewalks of the city of Niagara Falls" is unnecessarily confining. The unwarranted implication from the limitation in the declaration is that the ordinances may be constitutionally enforced as restrictions on selling or business activities other than handbill distribution. The judgment is modified to the extent of declaring subdivisions (h) and (i) of section 375.06 and section 731.16 of the codified ordinances unconstitutional and section 315.01 unconstitutional to the extent that it limits issuance of permits by the city clerk only to residents of the city and benevolent societies of the city. (Appeal from judgment of Niagara Supreme Court—declaratory judgment.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.