■ EAST BAYSIDE HOMEOWNERS ASSOCIATION, INC., et al., Appellants, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the Board of Standards and Appeals of the City of New York which affirmed an order of the building superintendent issuing a building permit to respondents Goradia for the construction of a private school, the appeal is from a judgment of the Supreme Court, Queens County, dated February 13, 1980, which, *inter alia,* confirmed the determination and dismissed the proceeding. Judgment affirmed, with one bill of $50 costs and disbursements payable jointly to respondents appearing separately and filing separate briefs. The board of standards and appeals reasonably and properly interpreted section 22-13 of the Zoning Resolution of the City of New York to allow the construction of schools as of right in an "R-2" (residential) district. Said section, which is located in a subchapter of the

zoning resolution entitled "Uses Permitted As of Right", provides: "Use Group 3. Use Group 3 consists of community facilities which: (1) May appropriately be located in *residential* areas to serve educational needs or to provide other essential services for the residents, or (2) Can perform their activities more effectively in a *residential* environment, unaffected by objectionable influences from adjacent industrial or general service *uses,* and (3) Do not create significant objectionable influences in *residential* areas. A. COMMUNITY FACILITIES *Colleges or universities, including professional schools but excluding business colleges or trade schools *College or school dormitories or fraternity or sorority houses Libraries, museums, or noncommercial art galleries Monasteries, convents or novitiates, without restrictions as to use for living purposes or location in relation to other *uses* * * * Philanthropic or non-profit institutions with sleeping accommodations, including nursing homes or sanitariums, provided that not more than 25 percent of the *floor area* shall be used for central office purposes *Proprietary nursing homes or sanitariums SCHOOLS B. Accessory Uses". Petitioners claim that the language included in the preamble sets forth conditions precedent to the granting of a building permit for a school. However, this is belied by section 22-00 of the zoning resolution, entitled "General Provisions", which states: "In order to carry out the purposes and provisions of this resolution, the uses of buildings or other structures [italicized in original] and of tracts of land have been classified and combined into Use Groups. *A brief statement is inserted at the start of each Use Group to describe and clarify the basic characteristics of that Use Group."* (Emphasis supplied.) Clearly, then, the three statements describing "community facilities" do not constitute conditions precedent to the granting of a building permit. The board's interpretation is further buttressed by the fact that certain of the listed facilities, such as colleges, contain an asterisk before them. The section states that a use marked with an asterisk is *not* permitted as of right. There is no asterisk before the word "schools". If the drafters of the zoning resolution had intended that schools not be permitted as of right, they would have placed an asterisk beside the listing therefor. Further, we note that the board of standards and appeals has consistently interpreted section 22-13 of the zoning resolution in this manner. The law is well settled that the construction of a statute by an administrative body which has been delegated the duty of making rulings thereunder should be accorded great weight (see *Matter of 440 East 102nd St. Corp. v Murdock,* 285 NY 298, 309). We note in passing that the determination under review merely authorized the construction of a *school* on the subject parcel and that the board of standards and appeals specifically resolved that "Whereas, 'schools' are defined in Section 12-10 of the Zoning Resolution and such use must comply with the requirements of the Zoning Resolution; *and the owner has indicated that the approved use will comply with that definition;* therefore * * * the decision of the Building Department in issuing a permit is hereby upheld" (emphasis supplied). Thus, contrary to petitioners' expressed fears, it would not appear that the operation of either a day care center or a summer day camp has been authorized on the property in question, and that the commencement of any such use *in futuro* without obtaining the necessary authorizations would be subject to attack at that time (cf. Zoning Resolution of City of N.Y., § 22-21). Rabin, J.P., Gulotta, O'Connor and Weinstein, JJ., concur.

---

* "A *use* in Use Group 3 or 4, marked with an asterisk, is not permitted in R1 or R2 Districts as of right."