PLAZA HEALTH CLUBS, INC., Appellant, v CITY OF NEW YORK et al., Respondents.

PHOENIX LEISURE, INC., Appellant, v CITY OF NEW YORK et al., Respondents.

First Department, August 14, 1980

510

### APPEARANCES OF COUNSEL

*J. Jeffrey Weisenfeld* for appellants.

*John W. Russell* of counsel *(L. Kevin Sheridan,* with him on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for respondents.

### OPINION OF THE COURT

FEIN, J. P.

Plaintiffs, respective operators of Manhattan premises known as "Tahitia" at 829 Third Avenue, and "The Harem" at 835 Third Avenue, appeal from orders of Supreme Court, Special Term, which denied preliminary injunctive relief against enforcement of zoning resolution amendments prohibiting adult physical culture establishments, and which granted defendants' cross motions to dismiss the complaints for failure to state a cause of action.

In its continuing battle to stamp out the urban blight wrought by prostitution and the pornography industry, the City of New York, through its Planning Commission and the Department of Buildings, has embarked upon a program aimed at closing down sex-oriented massage parlors. Interim amendments to the Zoning Resolution, adopted by the Board of Estimate in 1976, were relied upon in closing down a number of these establishments in Manhattan's midtown theatre district, as well as the west side Clinton district, on the basis of nonconforming use. The procedure adopted in 1976 was to serve notice of a one-year amortization period on existing establishments charged with nonconforming uses. Premised upon admission of nonconforming use, the restraints withstood constitutional challenge. *(Commissioner of Dept. of*

*Bldgs. v Bocchino,* 59 AD2d 1069; and *Commissioner of Dept. of Bldgs. v Carpenter,* 61 AD2d 898.)

Encouraged by the success of this effort, the Board of Estimate expanded the program in November, 1978 by adopting permanent, uniform, city-wide zoning regulations proscribing adult physical culture establishments (APCEs), defined (with certain limited exceptions) as "any establishment, club or business by whatever name designated which offers or advertises or is equipped or arranged so as to provide as part of its services, massages, body rubs, alcohol rubs, baths or other similar treatment by members of the opposite sex" (Amended Zoning Resolution, § 12-10).

These actions were commenced in October, 1979 seeking declaratory judgments that the zoning resolution was unconstitutional. The two establishments, with common ownership, are equipped with mirrored cubicles and advertise themselves as "leisure spas for men", offering the patron a choice of female companionship. Plaintiffs insist that they do not engage in forbidden activities, but rather are "subject to being defined as an adult physical culture establishment *only because* these premises are 'equipped or arranged' to provide 'as part of its services, massages, body rubs, alcohol rubs, baths or other similar treatment, by members of the opposite sex.' " (Emphasis supplied.)

A statute or ordinance proscribing designated activities must clearly define the activity so as to leave as little discretion as possible to the agency charged with its enforcement *(People v Illardo,* 48 NY2d 408; *People v Cruz,* 48 NY2d 419). Failure so to draft a law lays it open to constitutional attack for vagueness on the principle that it invites arbitrary or discriminatory enforcement. Here the zoning resolution proscribes operation of all premises "equipped or arranged" for cross-sexual physical services. What constitutes such equipment or arrangement is not clear. Without more specific details, the description of premises merely as "equipped or arranged" for cross-sexual activity could conceivably apply to a wide variety of otherwise legal business and residential premises. No presumption of prohibited activity arises from the mere presence of mirrored cubicles, pillow beds, sinks, jacuzzi bath, sauna and water-pik showers.

However the resolution does not rest the proscription on the mere presence of such equipment. It describes the prohibited use as follows: "An 'adult physical culture establishment'

is any establishment, club or business by whatever name designated which *offers* or advertises or is equipped or arranged *so as to provide* as part of its services, massages, body rubs, alcohol rubs, baths or other similar treatment, by members of the opposite sex." (Emphasis supplied.) It goes on to exclude a variety of establishments or uses, which may have such equipment but which are manifestly not engaged in the business of providing massages, etc., by persons of the opposite sex. The plain design and purpose of the resolution is to preclude *offering, advertising and providing* cross-sexual massages, body rubs, alcohol rubs or other similar treatment. So read, the resolution is facially constitutional.

"This Court can only assume the administrative agencies of the City of New York and the courts of New York State will apply the zoning ordinance in accordance with the United States Constitution. The ordinance is not unconstitutional on its face and, this Court believes, can be construed by the state courts to eliminate any constitutional issue." *(Wigginess Inc. v Fruchtman,* 482 F Supp 681, 687, affd without opn 628 F2d 1346.)

In this light our first inquiry is whether there is a justiciable controversy and whether plaintiffs have standing to request a preliminary injunction and a declaratory judgment declaring the resolution unconstitutional. Plaintiffs' complaints and affidavits sufficiently raise their contentions that they did not advertise, provide or offer forbidden services, but that they were still subject to the zoning restriction due to the potentially broad scope of the "equipped or arranged" language of the resolution. Plaintiffs insisted, on their submissions at Special Term and in their briefs and oral argument in this court that they do not advertise, offer or provide cross-sexual massages, or related services. We must take them at their word. Although not properly submitted for consideration on a CPLR 3211 motion, not being pleaded or otherwise submitted, it is now asserted by plaintiffs that they employ only licensed male masseurs, thus bringing themselves within the most recent amendment to the resolution, excluding from the proscription premises used or operated by licensed masseurs and massagers *(Deans v Minkin,* New York County Index No. 16581/79). If so, plaintiffs would be operating a lawful establishment under the most recent exception to the APCE definition. There would be no justiciable controversy.

A declaratory judgment action to declare a statute or regu-

lation or resolution unconstitutional lies where a plaintiff concedes his activity is proscribed by the statute, regulation or resolution as written or as it appears to be or is threatened to be interpreted and enforced (cf. *De Veau v Braisted,* 5 AD2d 603, 606-607, affd 5 NY2d 236, affd 363 US 144). The rule is otherwise where plaintiff specifically denies his activity is within the proscribed parameters. (See *Dun & Bradstreet v City of New York,* 276 NY 198, 206; *St. Aubin v Biggane,* 51 AD2d 1054; *Wein v City of New York,* 47 AD2d 367, 370-371.)

■ It appears, therefore, that plaintiffs lack the standing to raise the constitutional issue. In the affirmations in support of motions for declaratory and injunctive relief, plaintiffs' attorney stated that plaintiffs are not presently advertising or offering cross-sexual physical services, and, indeed, the only massage services now being provided by plaintiffs are by licensed masseurs. If that is the case, then plaintiffs are not operating APCEs as defined in the resolution, there are no nonconforming uses, and plaintiffs thus lack the standing to challenge the resolution *(Wigginess Inc. v Fruchtman,* 482 F Supp 681, *supra).* On the other hand, were plaintiffs still operating with cross-sexual massagists, their violation of the resolution would be manifest, notwithstanding the "equipped or arranged" clause, and thus the void-for-vagueness argument would be unavailing. Only in the event that plaintiffs were placed in jeopardy of termination based solely on the equipment or arrangement of the premises would they now have standing to challenge the resolution. That does not appear to be the case in this action for declaratory relief.

■ The constitutionality of the use of zoning resolutions to restrict cross-sexual massage parlors has been upheld in the highest courts of other States, with the United States Supreme Court dismissing the appeals for lack of a substantial Federal question. (See, e.g., *City of Indianapolis v Wright,* 267 Ind 471, app dsmd 439 US 804; *Smith v Keator,* 285 NC 530, app dsmd 419 US 1043; *Kisley v City of Falls Church,* 212 Va 693, app dsmd 409 US 907.) Such dismissals by the Supreme Court constitute adjudications on the merits *(Hicks v Miranda,* 422 US 332, 344; see *Colorado Springs Amusements v Rizzo,* 524 F2d 571, cert den 428 US 913).

In *City & County of Denver v Nielson* (194 Col 407, 409) the Colorado Supreme Court interpreted that State's Constitution to extend a broader blanket of protection over cross-sexual massage, in the absence of a "reasonable factual basis for the

enactment", or "evidence on the record from which a conclusion could be made that all persons who massage a person of the opposite sex will commit an illicit sexual act." Denver legislators evidently were not armed with the kind of background and statistical reports placed by the planning commission before the New York City Board of Estimate, outlining the link between the burgeoning massage parlor trade and illegal prostitution, a development which was detrimental to the health and safety of the public and the exercise of legitimate business enterprise in the city.

■ ■ Plaintiffs assert that the resolution is unconstitutional, in that it prohibits the advertisement of cross-sexual physical services, entitled to constitutional protection as commercial free speech under the First Amendment. Municipalities must walk a fine line in seeking to restrict the exercise of commercial free speech, no matter how well intentioned the ordinance. (See *Linmark Assoc. v Willingboro,* 431 US 85; *People v Mobil Oil Corp.,* 48 NY2d 192.) On the other hand, commercial advertising is not entitled to constitutional protection where the subject matter of the advertising is itself illegal and subject to regulation *(Pittsburgh Press Co. v Pittsburgh Comm. on Human Relations,* 413 US 376). In this respect plaintiffs are again on the horns of a dilemma. If they are still advertising a proscribed use, their constitutional challenge is without merit. On the other hand, if they are no longer offering cross-sexual massages, as they now claim, they lack the standing to challenge the constitutionality of this aspect of the resolution. (See *People v Mobil Oil Corp., supra.)* The resolution must be read as allowing advertising to be used as evidence of the use of the property, not as authorizing closing solely on the basis of the content of the advertising. Read as a prohibition of street distribution of commercial advertising, it would be of doubtful constitutionality *(People v Remeny,* 40 NY2d 527).

■ Plaintiffs' contention that the resolution imposes sex-based discrimination is without merit. The resolution does not prohibit the hiring of massagists of either sex. Rather, it proscribes premises providing the commercial act of massage on a patron of the opposite sex *(Wigginess Inc. v Fruchtman,* 482 F Supp 681, *supra).*

■ ■ Plaintiffs' lack of standing, premised upon their own contentions as to the nature of their activity, also precludes their attack on the one-year amortization period. A time

limitation on removing a nonconforming use is reasonable where the public gain to be achieved by such exercise of the police power will outweigh the private loss to the owner of the activity (*Modjeska Sign Studios v Berle,* 43 NY2d 468, 480). In other words, "a balance must be found between social harm and private injury" (*Matter of Harbison v City of Buffalo,* 4 NY2d 553, 562). In *Harbison* a three-year deadline to terminate operation of premises as a junkyard was held reasonable. In *Modjeska Sign* the court considered the reasonableness of a six and one-half year amortization period for removal of roadside billboards to be a question of fact for trial. The reasonableness of the amortization period here, where the potential benefit to the community has been clearly demonstrated, is plainly not amenable to preliminary injunctive resolution. If plaintiffs had standing to show injury, the reasonableness of the one-year period might very well be subject to trial. This was the procedure followed in *Wigginess Inc. v Fruchtman (supra)* where the plaintiffs conceded their enterprises conflicted with the resolution.

■ Since we have determined that there is no justiciable controversy in that plaintiffs have no standing to sue, we make no declaration as to the constitutionality of the resolution but deem it proper only to direct dismissal of the proceeding. It may well be that if the city agencies seek to enforce the resolution against plaintiffs in the manner which plaintiffs assertedly fear, the issues they seek to raise here may be available to them in any proceeding brought against them on the ground that as to them the resolution is being unconstitutionally applied. We do not reach that issue.

The judgments, denominated orders, Supreme Court, New York County (OKIN, J.), entered February 7, 1980, should be unanimously modified, on the law, to the extent of dismissing the complaints for lack of standing, and otherwise affirmed, without costs.

SANDLER, SULLIVAN, ROSS and CARRO, JJ., concur.

Judgments (denominated orders), Supreme Court, New York County, entered on February 7, 1980, modified, on the law, to the extent of dismissing the complaints for lack of standing, and otherwise affirmed, without costs and without disbursements.