OPINION OF THE COURT
Peter G. Dounias, J.
The defendant is charged with the violation of sections 54-12(A) and 54-140(3) of the Code of the Town of Smith-town which prohibit the use of portable signs in filling stations. It is alleged that the defendant maintained a portable sandwich sign at its premises. The defendant moves to dismiss pursuant to GPL 170.35 (subd 1, par [c]), the statute defining the offense charged is unconstitutional or otherwise invalid. The Town of Smithtown submits no opposing papers to this motion apparently relying on the presumption that a statute is constitutional until proven otherwise beyond a reasonable doubt. (See People v Gilbert, 72 Misc 2d 795.)
The ordinances in question provide, in part, as follows:
“Code of the Town of Smithtown: Sec. 54-12(A) Schedule of Permitted Signs. The following schedule of permitted signs shall apply to each premises according to the district in which it is located on the Building Zone Map. Whether it be used for a permitted use or for a special exception use: Districts — All; Temporary Signs — Pursuant to Sec. 54-14D(3).
“Sec. 54-14(D)(3) Special conditions and safeguards for certain special exception uses. No authorization for a *888 building permit shall be granted by the Board of Appeals for any use listed in this section unless the Board shall specifically find that in addition to meeting all the general standards set forth in sec. 54-14(D)(2), the proposed special exception use also meets the special conditions and safeguards required in this section.
“(g) Filling station. The following requirements shall be met:
“(6g) Outdoor storage and display of accessories or portable signs and outdoor repair work shall be prohibited at all times. Premises shall not be used for the sale, rent or display of automobiles, trailers, mobile homes, boats or other vehicles.” (Emphasis added.)
The defendant’s main claim is that the ordinance is discriminatory and is an unconstitutional regulation of commercial free speech as protected by the First and Fourteenth Amendments. First Amendment protection of commercial speech is of recent origin. In Valentine v Chrestensen (316 US 52) the Supreme Court held that commercial speech was unprotected by the First Amendment. This position has eroded to the point that it is no longer tenable. In Bigelow v Virginia (421 US 809) the court distinguished Valentine, stating that the existence of commercial activity in itself is no justification for narrowing the protection of expression secured by the First Amendment. Finally in Virginia Pharmacy Bd. v Virginia Consumer Council (425 US 748) the Supreme Court expressly overruled Valentine v Chrestensen. In sustaining First Amendment protection for commercial speech, the court stated that such speech is indispensible for the free flow of commercial information. Nevertheless, the court added that commercial speech may be regulated as to time, manner and place under certain circumstances.
In Linmark Assoc. v Willingboro (431 US 85) the court was confronted with an ordinance that prohibited “for sale” signs from private homes in an effort to stem “white flight”. It was argued that this ordinance was a regulation of the place and manner of commercial speech. In holding the. ordinance invalid, the court rejected the argument that the ordinance leaves amply alternative means of commu *889 nication because these alternate means were less effective, more costly and less likely to reach the person seeking such commercial information. The court also rejected the argument that the place and manner of these signs produced a detrimental secondary effect, i.e., detrimental to aesthetic values, values unrelated to the suppression of free expression. The court pointed out that other lawn signs were not prohibited and that the ordinances were really aimed at the content of the signs.
In the light of these cases, the Court of Appeals in People v Mobil Oil Corp. (48 NY2d 192) considered an ordinance which prohibited the posting of certain signs. The ordinance prohibited the sale of gasoline in a manner so as to deceive the purchaser as to price, nature, quality or identity and also prohibited any sign- referring to the price of gasoline directly or indirectly other than small signs at the pump. The court held that the ordinance violated the First Amendment since it makes truthful commercial speech impermissible solely on the basis of its content. The argument of adequate available alternatives was rejected by a paraphrase of Linmark Assoc. (supra) reasoning that the alternatives involve more cost and less autonomy than signs and are less likely to reach persons not deliberately seeking sales information. The court emphasized that price information clearly is useful consumer information and not all motorists will be able to read the pump top signs from the highway.
Similarly, the court rejected the argument of improving aesthetic values since the law prohibits gasoline price signs and none other no matter how blatant or bizarre. In doing so, the court distinguished Suffolk Outdoor Adv. Co. v Hulse (43 NY2d 483) which upheld the constitutionality of a town ordinance that prohibited nonaccessory billboards throughout the town. In that case the court held that while commercial speech falls within the protection of the First and Fourteenth Amendments, a State and its political subdivisions may regulate the time, place and manner of it, as opposed to its contents, to effectuate a significant governmental interest, and the regulation of aesthetics constitutes such an interest. Indeed, aesthetics alone constitutes a valid basis for the exercise of the police *890 power and an ordinance prohibiting nonaccessory billboards is substantially related to the effectuation of this objective.
In the instant case, the defendant points out that subdivision 5 of section 192 of the Agriculture and Markets Law requires gasoline retailers to post a clearly visible sign stating the price of gasoline on top of the pump and that section 54-14D(3)(g4g) of the Code of the Town of Smith-town requires all gas pumps to be located at least 25 feet from the street line. It is contended that the portable signs are used to show the price of the gasoline with greater visibility. In People v Mobil Oil Corp. (supra), the court followed the familiar rule that a statute or ordinance must be construed as a whole and its various sections must be considered together and with reference to each other. When this analysis is performed it becomes clear that this ordinance is an impermissible restriction on protected commercial speech based solely on content and that the significant governmental objective of aesthetic values is unrelated to its enactment.
Chapter 54 of the Code of the Town of Smithtown entitled “Zoning”, contains section 54-14D(3) which places restriction on enumerated commercial and other activities. Some of the commercial activities listed are animal boarding hospitals, discotheque and counterservice restaurants, filling stations, repair garages, swimming or boat clubs, and theaters. Each of these activities has various restrictions, but only filling stations have a prohibition against portable signs. Presumably, the listed and unlisted commercial activities would be permitted to have portable signs, indicating that the governmental objective of aesthetic values was unrelated to its enactment. Of particular interest is section 54-14D(3)(n) which regulates repair garages, an activity which roughly corresponds to a filling station except for the sale of gasoline. There are a number of corresponding restrictions under each activity and section 54-D(3)(n5n) under the heading of Repair Garage provides: “Outdoor storage, outdoor automobile storage and display of accessories shall be prohibited. Premises shall not be used for the sale, rent or display of automobiles, trailers, mobile homes, boats or other vehicles.”
*891 The wording of section 54-14D(3)(g6g), the section in question, is entirely similar except that it also prohibits portable signs. Since the main difference between the two activities is the retail sale of gasoline, it is proper to conclude that the ordinance is an unconstitutional restriction on protected commercial speech aimed specifically at retail gasoline price information. Finally, the argument as to adequate, available alternatives, if it had been made, would fail, since the alternatives would involve more cost, less autonomy, and would be less likely to reach persons not deliberately seeking sales information. (See People v Mobil Oil Corp., supra.) It should be noted that this court by the Honorable Stuart Namm in People v Durham (98 Misc 2d 927) found a Town of Brookhaven ordinance unconstitutional which prohibited gas stations from displaying price signs other than those affixed to the pumps since the commercial speech was protected and the classification created by the ordinance was arbitrary.
In view of the above, the motion to dismiss pursuant to CPL 170.35 (subd 1, par [c]) is granted since section 54-14D(3)(g6g) of the Code of the Town of Smithtown is unconstitutional insofar as it prohibits portable signs in filling stations.