OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant was charged with attempted use of a child in a sexual performance (Penal Law, §§ 110, 263.05) and unrelated crimes. He pleaded guilty to that charge to cover the indictment. Subsequent to his plea, but prior to sentence, the Court of Appeals decided People v Ferber (52 NY2d 674) declaring a related provision of the statute (L 1977, ch 910) unconstitutionally overbroad under the First and Fourteenth Amendments. (Penal Law, § 263.15.) The defendant now moves to vacate his plea of guilty on the ground that section 263.05 of the Penal Law is likewise unconstitutional under the reasoning of the Ferber opinion. (CPL 330.30, subd 1.)
THE FACTS
The indictment alleged that the defendant attempted to employ a 15-year-old male to pose for sexually explicit photographs with young girls and other young males. A review of the Grand Jury minutes discloses that on October 26,1980 the defendant approached two young runaways in Pennsylvania Station. One of the young men was 16, the *739 other 15 years old. After buying pizza for the boys, the defendant told them that he owned two studios for photography and that he was engaged in making “porno” films. He told the boys that they could earn large sums of money for “having sex with girls and * * * with other guys”. He left a card with the boys and told them to call him. A few hours later the boys called the defendant and met him in his apartment. The defendant told the boys that they could make $75 to $100 an hour “having sex with girls” and $300 to $400 an hour “having sex with males”. The defendant showed the boys photographs, magazines and slides depicting men and women in various sexual positions and combinations, and told the boys that those were the kinds of pictures he took. After the boys agreed to pose with girls, the defendant had them undress and gave them a tape measure to determine the size of their generative organs. He then told the 15 year old that he was “too small” to work with a girl, but could pose with a “guy”. The defendant gave the boys cab fare and instructed them to call him. On October 29, the boys were discovered to be runaways by the Port Authority police. The boys told the police their arrangement with the defendant. The boys telephoned the defendant and further conversed about salary and the conduct required of them. They arranged to meet the defendant again, and went to his apartment, accompanied by police. The boys wore radio transmitters, and the officers monitored the conversation. The defendant admitted the boys into the apartment separately, and again showed them photographs, and discussed what would be required of them. When he instructed the 15 year old to undress, the police entered the apartment and arrested the defendant.
THE ISSUES
Since the defendant admitted during allocution on the plea, that he knowingly induced and attempted to employ a child under 16 years of age to engage in a sexual performance as defined in the statute (Penal Law, §263.00, subds 1, 3), there is no issue as to the sufficiency of the evidence to sustain the conviction.
The first issue to be resolved is whether the defendant may constitutionally be subject to prosecution for the con *740 duct here charged. The court rejects any contention that the defendant’s conduct may be equated with speech, within the meaning of the First Amendment. The defendant’s conduct in soliciting these juveniles to have sex with other juveniles for pay; asking them to undress; and showing them sexually explicit photographs is clearly of a sort that is within the police power of the State to punish. (See, e.g., Penal Law, §260.10, subd 1; §§235.05, 235.21, 230.30, subd 2; §230.15, subd 1.) The defendant was not engaged in the dissemination of ideas, and his conduct was not a form of protected expression. (See United States v O’Brien, 391 US 367; cf. Tinker v Des Moines Ind. Community School Dist., 390 US 942; Kingsley Pictures Corp. v Regents, 360 US 684.) The fact that the defendant may have intended to photograph the boys, for purposes of commercial distribution, does not necessarily bring his activities within the parameters of the First Amendment. (See People v Radich, 26 NY2d 114; People v Smith, 44 NY2d 613, 623.) Unlike the Ferber case, the defendant here was not charged with engaging in the dissemination of any book, film, photograph or other expressive visual representation, for which he was prosecuted based upon its content. The defendant’s crime was that he attempted to employ juveniles to engage in sexual conduct purportedly to be subsequently depicted in photographs or on film. The focus of the prosecution here is not upon the probable content of the photographs which the defendant may have subsequently produced, but upon the deleterious effects of the solicitation and inducement to perform such sexual conduct upon the well-being of the minors themselves. (See, e.g., Education Law, § 3229, subd 7; Labor Law, §§ 130-133; Casey v Kastel, 237 NY 305.)
To the extent that the defendant’s proposed production of a film featuring these minors evokes First Amendment concerns, this potential communicative interest is clearly outweighed by the State’s interest in protecting the juveniles involved from psychological or physical harm. The United States Supreme Court has recognized that even forms of expression traditionally entitled to constitutional protection from governmental interference under the First Amendment may be limited to the extent necessary *741 to promote the moral, psychological and physical development of children. (Prince v Massachusetts, 321 US 158,170 [free exercise of religion]; Ginsberg v New York, 390 US 629, 640 [right to distribute sexual periodicals]; Stanley v Georgia, 394 US 557, 567 [same]; see, also, Bellotti v Baird, 443 US 622 [right to abortion]; People v Tannenbaum, 18 NY2d 268, app dsmd as moot 388 US 439 [to distribute sexual periodicals].) Prince v Massachusetts (supra) upheld the conviction of the guardian of a minor for violating a statute which imposed an absolute prohibition on minors from disseminating religious periodicals on public streets. The court held that the State could properly control even a parent’s exercise of freedom of religion and of expression to the extent of preventing the use of children for that purpose. Accordingly, to the extent that the defendant is prevented from using children in sexually explicit photographs which, if taken of persons over 16 might be nonobscene, such curtailment of his First Amendment freedom of expression as is involved may constitutionally be sacrificed to the protection of the psychological development of the children. The court finds section 263.05 of the Penal Law constitutional as applied upon the facts of this case. (See People v Smith, 44 NY2d 613, 623, supra.)
The court further finds that the defendant is not a proper party to raise the constitutionality of section 263.05 of the Penal Law as applied to third persons. While the court is aware that this statute, like section 263.15 of the Penal Law might be “susceptible of application to protected expression” and therefore may potentially be overbroad (see Gooding v Wilson, 405 US 518, 522; Zwickler v Koota, 389 US 241, 250) the court does not foresee any real and substantial danger that the “statute’s very existence may cause otherg, hot before the court to refrain from constitutionally protected speech or expression” (Broadrick v Oklahoma, 413 US 601, 612). Rather, the court is of the opinion that section 263.05 of the Penal Law unlike section 263.15 of the Penal Law is directed primarily at conduct of a sort, which as previously noted, is “within the scope of otherwise valid criminal laws that reflect legitimate state interests” and that whatever derivative effect the statute may have upon protected expression is not so substantial *742 as to justify invalidating the statute on its face. (Broadrick v Oklahoma, supra, at p 615.)
The statute at issue here, unlike the statute in People v Ferber (52 NY2d 674, supra) is, as previously noted, directed not at the content of films or other visual expressions depicting children in a nonobscene manner, but is directed at the conduct of those who employ children for sexual performances. The act of employment or inducement is not itself a form of expressive or communicative conduct within the meaning of “speech” under the First Amendment. To the extent that the prohibition of such conduct may have an incidental effect on the free exercise of visual expression, as for example by requiring the producer of sexually explicit movies or plays to use older performers, such cases as do arise may be treated on a case-by-case analysis of their factual situations. (Broadrick v Oklahoma, 413 US 601, 615-616, supra; United States v Thirty-seven Photographs, 402 US 363, 375, n 3; Dombrowski v Pfister, 380 US 479, 491-492; Young v American Mini Theatres, 427 US 50, 60-61; People v Smith, 44 NY2d 613, 623, supra.)
It is conceivable, of course, that child performers under 16 might be adversely affected in the exercise of their freedom of expression by the operation of this statute, by virtue of being restricted in their New York State employment from performances involving sexual conduct as defined in subdivision 3 of section 263.00 of the Penal Law. However, it is not certain that children have a constitutional right, coextensive with that of adults, to engage in nonobscene sexual performances. (See Ginsberg v New York, 390 US 629, 635, n 4, 638, supra; Bookcase, Inc. v Broderick, 18 NY2d 71, 77-78, app dsmd sub nom. Bookcase, Inc. v Leary, 385 US 12; see, also, Pinkus v United States, 436 US 293, 297-298.) This defendant, in any event, is not a member of the class of child performers, nor does the record warrant a finding that this defendant is entitled to any representative standing, since there does not appear to be any ongoing agency relationship between the defendant and the child performers, nor does the defendant appear to have any personal, parental, or substantial economic relation to any child performer. (See H.L. v *743 Matheson, 447 US 919; Harris v McRae, 448 US 297; cf. Eisenstadt v Baird, 405 US 438, 444-446.)
Accordingly, the defendant’s motion to vacate his plea of guilty on grounds of the unconstitutionality of section 263.05 of the Penal Law is denied.