OPINION OF THE COURT
Joseph Jaspan, J.
The defendant is charged with 18 counts of promoting an obscene sexual performance by a child in violation of section 263.10 of the Penal Law.
Defendant moves to dismiss the indictment on the ground that section 263.10 of the Penal Law is unconstitutional. Defendant relies on the Court of Appeals decision in People v Ferber (52 NY2d 674), which held that section 263.15 of the Penal Law is unconstitutional. The two sections are identical except for the inclusion of the word “obscene” in section 263.10 of the Penal Law, which reads as follows: “A person is guilty of promoting an obscene sexual performance by a child when, knowing the character and content thereof, he produces, directs or promotes any obscene performance which includes sexual conduct by a child less than sixteen years'of age.” (Emphasis added.)
Defendant’s reliance on People v Ferber is misplaced. There the Court of Appeals implicitly upheld the constitutionality of the statute by stating that “it is not possible to save section 263.15 by limiting its application to those who promote obscene performances. *** [Sjuch activity is already proscribed by section 263.10” (People v Ferber, supra, at pp 678-679; emphasis supplied).
*513 On the other hand, the Supreme Court has affirmed the constitutionality of section 235.05 of the Penal Law (Milky Way Prods, v Leary, 305 F Supp 288, affd 397 US 98), which is substantially similar to the statute in question in that both statutes prohibit the promotion of obscene materials. Those statutes differ only in that the former deals with any obscene material and the latter deals specifically with obscene material including a child.
The power of the Legislature to mandate stiffer penalties for illegal conduct which in addition adversely affects the lives of children is well established (Ginsberg v New York, 390 US 629, reh den 391 US 971; Bookcase, Inc. v Broderick, 18 NY2d 71, app dsmd 385 US 12, mot to amend remittitur den 18 NY2d 708, reh den 385 US 943).
Section 263.10 of the Penal Law is constitutional on its face and as applied in the case at bar (People v Wiener, NYLJ, Nov. 19, 1981, p 18, col 6).
Accordingly, defendant’s motion is denied.
[Portions of opinion omitted for purposes of publication.]