OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an article 78 proceeding in the nature of a certiorari to review, in which the petitioners ask the court to annul the action of the New York City Department of Buildings in granting a certificate of occupancy to the respondents Phoenix House Foundation, Inc. and Phoenix Programs of New York, Inc., for the premises known as 34-25 Vernon Boulevard, Queens, for the purposes of operat *256 ing a drug-abusers’ rehabilitation facility. Petitioners asked the buildings department to revoke the certificate, as being contrary to the Zoning Resolution of the City of New York, and it refused. Petitioners have exhausted their administrative remedies in that they have appealed to the New York City Board of Standards and Appeals, which ruled adversely to them.
The buildings department concluded, and the board of standards and appeals agreed, that under the broad language of the zoning resolution the premises involved may be operated as a drug-abusers’ rehabilitation center as a matter of right, without any need for a special permit from any agency. The petitioners do not disagree with this interpretation of the zoning resolution. Rather, after much preliminary maneuvering, the petitioners’ entire case has boiled down to an argument that the language of the zoning resolution is so broad and all-encompassing as to make it unconstitutionally void for vagueness and over-breadth, and hence to render any action taken under it as void.
The plan of the zoning resolution is to classify and list all permissible uses of land in “Use Groups”, and to then specify in which districts the various use groups may be located. The premises in question are in what is designated as an “R5-General Residential” district. The proposed facility is a use in “Use Group 3”, as set forth in section 22-13 of the Zoning Resolution of the City of New York, which reads in relevant part as follows: “A. Community Facilities * * * Philanthropic or non-profit institutions with sleeping accommodations”.
Any use which falls within this description would be considered as part of “Use Group 3”, unless a more specific description appeared under a different “Use Group” heading. (Zoning Resolution of City of NY, § 22-00.) Any use which properly falls under this “Use Group 3” listing is permitted in an R5 district as a matter of right, and neither the buildings department nor the board has discretionary authority to refuse their permission. The buildings department and the board both held that Phoenix House’s facility does properly fall under the “Use Group 3” listing, and upheld the granting of a certificate of occupancy.
*257 Petitioners ask the court to view this article 78 proceeding as an action for a declaratory judgment, to declare the quoted language void on the grounds noted, to revoke the certificate of occupancy, and to relegate Phoenix House to an application for a variance in order to continue the use of the facility. It appears that the facility is presently in operation. It should be emphasized that the petitioners do not view the board’s action as arbitrary, capricious, unreasonable or in any way contrary to the words of the zoning resolution as it now stands. In the present posture of the proceeding, petitioners do not really ask the court to review the board’s action at all. Rather, they seek to have the court evaluate the underlying statute itself.
While this article 78 proceeding was not the proper method for the petitioners to assert their constitutional claim in the first instance, all necessary parties are before the court and have submitted pertinent arguments, and therefore the court will proceed to dispose of the claim. (Matter of Kovarsky v Housing & Dev. Admin, of City of N. Y., 31 NY2d 184, 191-192.)
The court finds, first, that the petitioners do not have standing to assert their void-for-vagueness argument. This argument is only available to one who acknowledges that his own conduct falls within the ambit of the statute he attacks, either on its face or as it is interpreted by those charged with its enforcement. (Plaza Health Clubs v City of New York, 76 AD2d 509.) The purpose of the void-for-vagueness doctrine is to promote fairness to one who is accused, or who reasonably apprehends that he may be accused, of violating the law by ensuring that he has fair warning of what the law proscribes and by ensuring that the authorities have adequate guidance as to what they are to administer. (People v Cruz, 48 NY2d 419; People v Illardo, 48 NY2d 408.) Petitioners, who obviously do not claim that they are performing any act regulated by this statute, have no standing to claim that it is void as to third parties by reason of vagueness. (Plaza Health Clubs v City of New York, supra.)
Further, even if the petitioners had standing, the court would uphold the finding of the board that the statute is not vague or ambiguous. The board is the admin *258 istrative agency charged with interpreting the zoning reso - lution, and its determination is to be given great weight. (East Bayside Homeowners Assn. v Board of Stds. & Appeals of City of N. Y., 77 AD2d 858.) The determination of the board was that the statute is very broad, but not vague or ambiguous. The concepts are not at all identical. While petitioners have given many examples of the widely disparate types of enterprise which might readily be described as “Philanthropic or non-profit institutions with sleeping accommodations,” they have shown no examples where the applicability of the statute was questionable or a matter of fair argument.
While it is true that the board itself asked the city planning commission to consider amending the resolution to allow it to make distinctions between different types of “non-profit institutions with sleeping accommodations,” it did not do so because the words are vague. Rather, the board was requesting the commission to allow it the exercise of some discretion in this area. As things now stand, the board has no discretion at all. This is the opposite of the evil the void-for-vagueness doctrine is designed to combat. An unconstitutionally vague statute typically gives the enforcing agency too much discretion by leaving too many grey areas. (See People v Cruz, supra; People v Illardo, supra.) This statute may sweep a wide path, but it sweeps very neatly.
The determination of the board of standards and appeals is upheld, and the petition is dismissed.